IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

DANNY LEE HENDERSON          *

    Plaintiff,                     *

     v.                           *          3:07-CV-452-MEF
                                                            (WO)
LATHONIA J. WRIGHT,        *
COMMISSIONER, *et al*.,
                             *

    Defendants.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which Plaintiff, Danny Henderson, challenges the

medical care and conditions of confinement to which he is subjected in the Randolph County

Jail.   Plaintiff requests declaratory and injunctive relief.

Upon review of the complaint, the court concludes that Plaintiff's claims against

Commissioner Lathonia Wright and all other Randolph County Commissioners should be

dismissed prior to service of process in accordance with the directives of 28 U.S.C. §

1915(e)(2)(B)(I) and (iii).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure
requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the
payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary damages from a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the commissioners of Randolph County are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Randolph County Commissioners be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).

2. Defendants Wright and the Randolph County Commissioners be DISMISSED as parties to this cause of action.

3. This case, with respect to Plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **June 5, 2007** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23nd day of May 2007.


_____     /s/ Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE