IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY LEE HENDERSON, | ) |
| | ) |
|    Plaintiff, | ) |
| v. | )   CASE NO. 3:07-cv-452-MEF |
| | ) |
| LATHONIA J. WRIGHT, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **O R D E R**

The Court has reviewed the Complaint filed by Danny Lee Henderson, which the Court construes to include motions for a temporary restraining order and a preliminary injunction. (Doc. # 1.) The Court has held a telephonic status conference with counsel for both parties regarding this case. Upon consideration, it is hereby ORDERED that:

1. For purposes of Plaintiff's motions for a temporary restraining order and a preliminary injunction, the Court appoints Kesa Johnston to represent Danny Lee Henderson at the cost of the Defendants.

2. Plaintiff's motion for a temporary restraining order is GRANTED to the following extent:[1]

---

[1] Rule 65(c) of the Federal Rules of Civil Procedure requires that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper . . . ." Fed. R. Civ. P. 65(c). Because Plaintiff has been granted permission to proceed *in forma pauperis* (Doc. # 3), the Court concludes that this requirement should be waived. *See, e.g.*, *Haynes v. Office of Atty. Gen. Phill Kline*, 298 F. Supp. 2d 1154, 1162 (D. Kan. 2003); *Holmes by Holmes v. Sobol,* 690 F. Supp. 154, 161-62 (W.D.N.Y. 1988).

It is unnecessary for the Court to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure for temporary restraining orders entered without notice, because in this case the nonmoving parties have notice. *See* Fed. R. Civ. P. 65(b).

      a.  Defendants shall immediately provide Plaintiff access to any prescribed medication for any seizure disorder suffered by Plaintiff;

      b.  Defendants shall within 7 days of the date of this Order provide Plaintiff with consultation or examination by a physician or physician's assistant regarding any complaints for which Plaintiff has requested medical treatment; the physician or physician's assistant shall provide Plaintiff any medically necessary treatment.

3. Plaintiff's motion for a temporary restraining order is DENIED in all other respects as failing to meet the requirements set forth in Rule 65 of the Federal Rules of Civil Procedure.

4. Plaintiff's motion for a preliminary injunction remains pending.

5. This case is set for a status conference on June 6, 2007 at 11:30 A.M. in the Chambers of the undersigned, United States Courthouse, One Church Street, A-300, Montgomery, Alabama.

6. A copy of this order shall be served on all Defendants in this case.

DONE this the 25th day of May, 2007.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE