IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY LEE HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-cv-452-MEF-WC |
| | ) |
| LATHONIA J. WRIGHT, | ) |
| COMMISSIONER, et al. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO VACATE AND TERMINATE
### ORDER ENTERED MAY 25, 2007

COME NOW Defendants Sheriff Jeffrey Fuller, Jail Administrator Shirley Johnson, and Captain Craig Davidson, sued in their official capacities,[1] to move this Court to vacate the Court's Order dated May 25, 2007, granting the Plaintiff's Motion for Temporary Restraining Order and awarding the Plaintiff's costs and attorney's fees against the Defendants. As grounds therefor, Defendants set down and assign the following:

1. On May 21, 2007, Plaintiff filed a pro se complaint naming Commissioner Lathonia J. Wright, all Randolph County Commissioners, Sheriff Jeffrey Fuller, Jail Administrator Shirley Johnson, and Captain Craig Davidson as Defendants.[2] In his Complaint, Plaintiff claimed that Defendants violated his constitutional rights.

---

[1] Jeffery Fuller is sued as the "Jeff Fuller, Sheriff." See Caption of Complaint. He is identified in the Complaint as "Sheriff of Randolph County." See Complaint, ¶ 2. It should be assumed that the Plaintiff has sued Sheriff Fuller in his official capacity. See Marsh v. Butler County, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) (en banc) (concluding that a Court would "decide th[e] case as one in which the complaint purports to sue the Sheriff in both her official and individual capacities," even though the text of the complaint did not state an individual capacity claim, because "the parties and the district judge clearly litigated the case in that way"). Likewise, Shirley Johnson and Craig Davidson are sued as "Shirley Johnson, Jail Administrator" and "Craig Davidson, Jail Official," respectively.

[2] The Magistrate Judge recommended Defendants Lathonia J. Wright and all the Randolph County Commissioners be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) prior to service. See Turquitt v. Jefferson County,

2.	On May, 21, 2007, the Court construed Plaintiff's Complaint to include a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction.

3.	On May 23, 2007, the Court held a telephone status conference on Plaintiff's Motion for Temporary Restraining Order with Kesa Johnston, (who it appointed to represent the Plaintiff), and John Tinney, the Randolph County Attorney, on behalf of Randolph County.[3] No attorneys were present at the status conference to represent Defendants Fuller, Johnson, and Davidson. No Defendant had been served with a copy of the Summons and Complaint prior to the telephone status conference.

4.	On May 25, 2007, two days after the status conference, the Court entered an order appointing Kesa Johnston to represent Plaintiff on Plaintiff's Motions for a Preliminary Injunction and a Temporary Restraining Order and taxing her fees and expenses against Defendants; granting Plaintiff's Motion for a Temporary Restraining Order in part; and setting Plaintiff's Motion for a Preliminary Injunction for a status conference on June 6, 2007 at 11:30 a.m. On May 25, a copy of the Court's Order was mailed to Kesa Johnston and John Tinney.

5.	Defendants Fuller, Johnson, and Davidson were served with Plaintiff's Complaint on either May 24, 2007 or May 25, 2007. Pursuant to the Recommendation of the Magistrate Judge, Defendants Lathonia Wright and "All Randolph County Commissioners" still have not been served.

6.	The Defendants request that this Court vacate its Order. The Court held a telephone status conference on Plaintiff's Motion Temporary Restraining Order <u>prior to</u>

---

Alabama, 137 F.3d 1285, 1289 (11th Cir. 1998) (County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail); <u>Woods v. Gamel</u>, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county – including the jail – are legislative acts protected by legislative immunity."). Although this Motion to Vacate and Terminate is submitted on behalf of all named Defendants, any references to "Defendants" herein refers only to Sheriff Jeffery Fuller, Jail Administrator Shirley Johnson, and Captain Craig Davidson, unless otherwise specified.

<u>Defendants being served with the Complaint</u>. The Court also entered an Order granting Plaintiff's Motion for Temporary Restraining Order <u>before Defendants were served with Plaintiff's Complaint</u>. Further, contrary to the Order, neither Sheriff Fuller, Jail Administrator Johnson, nor Captain Davidson received notice of this lawsuit, request for a Temporary Restraining Order, or the telephone status conference. Plaintiff Danny Lee Henderson has further failed to comply with the provisions of 42 U.S.C. §§ 1997e(a) and 1997e(g), as well as 18 U.S.C. § 3626, of the Prison Litigation Reform Act (PLRA). Defendants further base this Motion on the arguments made in the attached brief.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court grant their Motion to Vacate and Terminate the Court's Order dated May 25, 2007, granting Plaintiff's Motion for a Temporary Restraining Order and taxing the fees and expenses of Plaintiff's counsel against Defendants.

Respectfully submitted this 5th day of June, 2007.

                                                    s/Kendrick E. Webb
                                                    KENDRICK E. WEBB, Bar No. WEB022
                                                    C. RICHARD HILL, JR. Bar No. HIL045
                                                    ATTORNEY FOR DEFENDANTS JEFFREY FULLER, SHIRLEY JOHNSON, AND CRAIG DAVIDSON
                                                    WEBB & ELEY, P.C.
                                                    7475 Halcyon Pointe Drive (36117)
                                                    Post Office Box 240909
                                                    Montgomery, Alabama  36124
                                                    Telephone:  (334) 262-1850
                                                    Fax:  (334) 262-1889
                                                    E-mail:  kwebb@webbeley.com

---

[3] John Tinney was contacted by the Court and had not seen a copy of the Complaint. Mr. Tinney mistakenly believed that Randolph County had been sued.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the 5th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will send notification to the following CM/ECF participants: **Kesa M. Johnston, Esq. and Jay Lewis, Esq.**

                                        **s/Kendrick E. Webb**
                                        OF COUNSEL