**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANNY HENDERSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. 3:07-CV-452-MEF** |
| | * | |
| **RANDOLPH COUNTY COMMISSION,** | * | |
| **LATHONIA WRIGHT,** | * | |
| **ED CREED,** | * | **JURY TRIAL DEMANDED** |
| **KEVIN SPEARS,** | * | |
| **JUNE WALDREP,** | * | |
| **LARRY RAUGHTON,** | * | |
| **JEFF FULLER,** individually and in his | * | |
| capacity as Randolph County Sheriff, | * | |
| **SHIRLEY JOHNSON,** individually and | * | |
| in her capacity as an officer of the | * | |
| Randolph County Jail, | * | |
| **Defendants.** | * | |
| | * | |

## AMENDED COMPLAINT

COMES NOW Plaintiff DANNY HENDERSON, by and through his attorneys of record, and would show unto the Court as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 28 U.S.C. § 2202, to obtain declaratory and injunctive relief and compensatory and punitive

1

damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law.

2.    The violations of Plaintiff's rights as alleged herein occurred in Randolph County, Alabama, and were committed within the Middle District of Alabama.

## PARTIES

3.    Plaintiff Danny Henderson (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama. Henderson is currently incarcerated at Randolph County Jail in Wedowee, Alabama as a pretrial detainee.

4.    Defendant Randolph County Commission (hereinafter, "County") is the governing body of Randolph County, Alabama.

5.    Defendant Lathonia Wright (hereinafter, "Wright"), a further and better denomination of whom is presently unknown to Plaintiff, is a member of the Randolph County Commission.  He is being sued in his individual capacity.

6.    Defendant Ed Creed (hereinafter, "Creed"), a further and better denomination of whom is presently unknown to Plaintiff, is a member of the Randolph County Commission.  He is being sued in his individual capacity.

7.    Defendant Kevin Spears (hereinafter, "Spears"), a further and better denomination of whom is presently unknown to Plaintiff, is a member of the Randolph County Commission.  He is being sued in his individual capacity.

8.    Defendant June Waldrep (hereinafter, "Waldrep"), a further and better denomination of whom is presently unknown to Plaintiff, is a member of the Randolph County Commission. He is being sued in his individual capacity.

9.    Defendant Larry Raughton (hereinafter, "Raughton"), a further and better denomination of whom is presently unknown to Plaintiff, is a member of the Randolph County Commission. He is being sued in his individual capacity.

10.   Defendant Jeff Fuller (hereinafter, "Fuller"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto the Sheriff of Randolph County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiff. Fuller is being sued in his individual and official capacity as Sheriff of Randolph County, Alabama.

11.   Defendant Shirley Johnson (hereinafter, "Johnson"), a better denomination of whom is presently unknown to Plaintiffs, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Randolph County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiff. Johnson is being sued in her individual and official capacity as an officer of Randolph County Jail.

## NATURE OF PROCEEDINGS

12.   This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein.

3

## FACTS

13.    Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

14.    On or about April 13, 2007, Plaintiff was incarcerated in the Randolph County Jail (hereinafter, "the jail") following an arrest from a 2004 criminal charge for which he was indicted on September 17, 2006.  Plaintiff is currently a pretrial detainee.

15.    The jail was built by and is maintained by the Randolph County Commission, which is responsible for its design, construction, and maintenance.

16.    The jail is under the general supervision of Fuller, who supervises all personnel and who establishes and promulgates all policies and procedures.

17.    The jail's maintenance is under the direct supervision of Johnson, a better denomination of whose title is presently unknown to Plaintiff.

18.    During the entirety of Plaintiff's incarceration, he has been subjected to inhumane conditions including substandard safety conditions, substandard medical conditions, and inhumane treatment by jail personnel and Fuller.

19.    During all or part of Plaintiff's incarceration he has been denied medical care that he previously requested of which Fuller and Johnson were either aware or to which they showed deliberate indifference. Specifically, Plaintiff had previously had problems with a seizure-like disorder.  He experienced the same problems after being locked in the jail and repeatedly requested medical care that was denied by Defendants until this Honorable Court issued a temporary restraining order.

4

20.     The Plaintiff has experienced dizziness, extreme headaches and at least one blackout since his incarceration.  During his seizure-like blackout, Plaintiff fell and hit his head and no treatment was rendered by jail personnel.

21.     After filing of his pro se Complaint and the issuance of the temporary restraining order dated May 25, 2007, Plaintiff was treated for the first time since his incarceration after jailers took him to the emergency room.  His blood pressure was extremely high and it took several hours for the emergency room staff to decrease the Plaintiff's blood pressure to a level where the staff felt he could return to the jail.

22.     Plaintiff was not told by the doctor or jail staff what his prescriptions were, how long he was to take them or what they were for until he was seen by the same doctor at the jail approximately one week after his emergency room admittance.  At that point he began receiving his medication in a small packet with the prescription name labeled on the outside of the packet.  Plaintiff continues to be treated without any knowledge as to what his diagnosis or prognosis is, what the medications he is taking are for or how long he will need to take the medications.

23.     The Plaintiff was given aftercare by the same doctor who allegedly comes to the jail monthly.  The doctor was seeing all jail inmates during his visit with Plaintiff.  At the visit the Plaintiff was not allowed to consult with his doctor in private nor was he told about his medications.  During the follow up examination, the cases and diagnosis of other inmates were discussed among jail staff and the doctor.

5

24. Plaintiff has further been required to sleep in overcrowded cells. Plaintiff lives in a block designed to house six inmates. During his incarceration Plaintiff has been housed in said block with an average of 18 persons. Plaintiff sleeps on the floor which has furthered his medical problems.

25. Due to the overcrowded conditions, Plaintiff has witnessed many altercations between other inmates. At least four inmates have grouped together and attacked at least one other inmate resulting in a physical assault. After the assault, jail staff refused to segregate said inmates who now have invoked fear among other inmates.

26. There is no supervision by jail staff of the upstairs cell blocks, no manned crow's nest or other supervision. Inmates are forced to bang on doors and scream to get attention of jail staff whenever there is a fight or medical attention is needed. The Plaintiff has a serious medical condition that requires treatment and possible emergency treatment for which he could not receive immediate attention due to the length of time it takes jail staff to respond to the calls and pleas of inmates in emergency situations.

27. Due to overcrowded conditions, pretrial detainees, those convicted of misdemeanor crimes and convicted felons are not segregated but rather all housed in the same block.

28. In the Plaintiff's block, there are exposed raw electrical wires that pose unsafe conditions, no sinks work on the block forcing inmates to use the one filthy but operational shower for ALL water needs included bathing, cleaning the cell, and drinking water when water coolers are emptied.

29. There appear to be no working fire alarms, smoke alarms or sprinkler systems thereby posing an extreme unsafe condition to the Plaintiff.

6

30.    Plaintiff was given one plastic spoon when initially incarcerated and he has been forced to eat with the same spoon each meal.  The Plaintiff must wash the spoon without proper sanitation.

31.    Meals served to the Plaintiff and all inmates are nutritionally inadequate and are improperly served by staff or other inmates who do not wear gloves or protect the food in any way.

32.    Many inmates have had staph infections and others have been rumored to have AIDS and hepatitis which poses a serious threat to the Plaintiff's health and safety due to unclean and unsanitary jail conditions and lack of proper medical treatment.

33.    Plaintiff is forced to listen to weekly Christian teachings and preaching in violation of his First Amendment rights.  The only books allowed by jail staff are of a religious nature, particularly the Bible and Christian tracts, and the only religious assembly offerings are for Christians where all inmates are compelled to listen as they cannot leave.

34.    Plaintiff has been denied proper medical care in order that the Sheriff and the County Commission might avoid further financial liability.

35.    Plaintiff has been repeatedly denied access to legal materials and a lawyer.  He was told that legal books are not allowed even though he repeatedly requested such materials in order to prepare his pro se Complaint.

36.    Henderson filled out at least one request for an attorney but was not appointed a criminal defense attorney until after his pro se complaint was filed in the instant cause.

37.     Henderson is allowed to go outside one day per week for approximately thirty minutes. The area inmates are kept in outside is very small and exercise is extremely limited and virtually nonexistent.

38.     Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

39.     The Plaintiff has continued to suffer as he still has not been given proper medical care nor has he been provided proper living conditions which may assist with easing his pain and suffering.

40.     The conditions described herein, and each and all of them, have caused Plaintiff extreme pain and discomfort.

## CAUSES OF ACTION

41.     As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I– DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW – RANDOLPH COUNTY COMMISSION, COMMISSIONERS WRIGHT, CREED, SPEARS, WALDREP AND RAUGHTON INHUMANE CONDITIONS AND TREATMENT

42.     Randolph County built and, at all times material hereto, was legally obligated to maintain the Randolph County Jail.

43.     Under Alabama law, Randolph County is required to build and maintain a jail.

44.     Randolph County acts by and through the Randolph County Commission and Commissioners Wright, Creed, Spears, Waldrep and Raughton.

45.     Fuller and Johnson carried out the maintenance function at the jail on behalf of the Randolph County Commission and the individual commissioners.

46.     The Defendants, and each and all of them, failed and neglected to use qualified personnel to oversee inmates and insure all inmates are provided with proper medical care, healthy and safe living conditions.

47.     The Defendants, and each and all of them, failed and neglected to provide Plaintiff with medical care so as to alleviate his risk of serious medical trauma and to treat his condition which cause a seizure-like blackout during his incarceration.

48.     The Defendants, and each and all of them, are deliberately indifferent to the substantial medical, physical and emotional dangers faced by Plaintiff and all others similarly situated.

50.     The County has known about the conditions at Randolph County Jail and continues to be aware of said conditions.  Wright has acknowledged such in various newspaper articles in which he has been quoted expressing his concerns about being required to build a new jail.

51.     The harm suffered by Plaintiff directly and proximately resulted from the substantial dangers to which the Defendants remain deliberately indifferent.

52.     Plaintiff has a constitutional right to be free from inhumane conditions.

53.     Plaintiff has a right under the First Amendment to be free from compelled observation of religious services.

9

54.   The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

55.   Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

56.   Plaintiff's rights under the First and Fourteenth Amendments were thus impermissibly abridged and violated.

57.   The conduct of the Defendants as described above would shock the conscience of any reasonable person.

58.   Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  However, Henderson did fill out a medical request form that was not answered. Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

59.   The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT II – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW FULLER-DENIAL OF MEDICAL CARE

60.   Fuller is the Sheriff of Randolph County; as such he is a public official.

61.   Fuller is required by statute to operate the Randolph County jail.

62.    Fuller deliberately subjects Plaintiff and all others, and continues to subject Plaintiff and all other similarly situated to a known risk of great harm and as such his response is unreasonable under the circumstance.

63.    Fuller has confined Plaintiff and all other inmates in constitutionally deficient conditions, to wit:

64.    Fuller  subjected and continues to subject Plaintiff to inhumane conditions and treatment through his deliberate indifference by failing to provide medical care to Plaintiff after being made aware that Plaintiff needed medical care and as such his response was and continues to be deliberately indifferent.

65.    Fuller subjected and continues to subject Plaintiff to inhumane conditions and treatment through his deliberate indifference by failing to provide adequate medical care to Plaintiff after being ordered to do so by this Honorable Court.

66.    This Honorable Court on May 25, 2007, ordered that Plaintiff be given access to medical care.  The jail staff transported Plaintiff to the emergency room at Wedowee Hospital for a brief admittance.

67.    Thereafter, Plaintiff has been denied access to private consultations with his doctor, he was only recently made aware of the prescriptions he was being provided by jail staff and to date has not been made aware of his prognosis or need for further treatment.

68.    Plaintiff was granted one follow up visit with the physician who treated him in the emergency room, the same doctor who is allegedly the regular jail doctor, and that visit was in the presence of jailers who were actively and openly discussing other criminal

11

charges and medical diagnosis of other inmates. Said visit with his doctor yielded no new information that satisfied Plaintiff's concern for his medical care.

69. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

70. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

71. Fuller was and is aware of the risk of harm to Plaintiff and has failed to take proper measures to prevent such harm.

72. Fuller has been made aware of medical conditions of inmates in the past and the need for medical attention and has a custom of deliberate indifference to such medical needs.

73. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

74. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

75. Fuller was and is aware of the risk of harm to Plaintiff and has failed to take proper measures to prevent such harm.

76. Plaintiff's rights under the Fourteenth Amendment were thus impermissibly abridged and violated.

77. Fuller's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

78. Fuller's conduct would shock the conscience of the reasonable person.

79.   Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy. Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

80.   The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT III-DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW FULLER-INHUMANE CONDITIONS AND TREATMENT

81.   Fuller is deliberately indifferent to the horrid conditions of Plaintiff's incarceration and the substantial risk of serious harm.

82.   Plaintiff has a right to safe, minimally comfortable, clean and sanitary accommodations.

83.   Plaintiff has a right to protection from inhumane conditions under the Fourteenth Amendment to the United States Constitution.

84.   Fuller was and is aware of the risk of harm to Plaintiff and has failed to take proper measures to prevent such harm and shown a deliberate indifference to such risk of harm.

85.   The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

86.   Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

87.   Fuller has been made aware of medical conditions of inmates in the past and the need for medical attention and has a custom of deliberate indifference to such medical needs.

88.   Fuller has been made aware of the safety hazards, lack of exercise, improper nutrition, denial of access to legal materials and lawyers and failure of jail staff to protect inmates from others with communicable diseases.  Fuller has made a custom of indifference to such needs and issues and has subjected Plaintiff to inhumane conditions and treatment.

89.   Plaintiff's rights under the Fourteenth Amendment were thus impermissibly abridged and violated.

90.   Fuller's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

91.   Fuller's conduct would shock the conscience of the reasonable person.

92.   Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

93.   The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT IV-DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## FULLER-VIOLATION OF FIRST AMENDMENT RIGHTS

94.     Fuller has violated Plaintiff's First Amendment rights through his deliberate indifference in  refusing him access to reading materials other than religious texts and compelling Plaintiff and other inmates to attend prayer services.

95.     Fuller further violated Plaintiff's First Amendment right to be free from compelled observation of religious services.

96.     Fuller has been made aware of jail staff subjecting inmates to violations of their First Amendment rights regarding religion and has a custom of deliberate indifference to such violations.

97.     Plaintiff's rights under the First Amendment were thus impermissibly abridged and violated.

98.     Fuller's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

99.     Fuller's conduct would shock the conscience of the reasonable person.

100.    Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

101.    The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT V-DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW JOHNSON- DENIAL OF MEDICAL CARE

102.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to provide medical care to Plaintiff after being made aware that Plaintiff needed medical care and as such her response was and continues to be deliberately indifferent.

103.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to provide adequate medical care to Plaintiff after being ordered to do so by this Honorable Court.

104.    This Honorable Court on May 25, 2007, ordered that Plaintiff be given access to medical care.  The jail staff transported Plaintiff to the emergency room at Wedowee Hospital for a brief admittance.

105.    Thereafter, Plaintiff has been denied access to private consultations with his doctor, he was only recently made aware of the prescriptions he was being provided by jail staff and to date has not been made aware of his prognosis or need for further treatment.

106.    Plaintiff was granted one follow up visit with the physician who treated him in the emergency room, the same doctor who is allegedly the regular jail doctor, and that visit was in the presence of jailers who were actively and openly discussing other criminal

charges and medical diagnosis of other inmates. Said visit with his doctor yielded no new information that satisfied Plaintiff's concern for his medical care.

107. Johnson subjected and continues to subject Plaintiff to inhumane treatment through her deliberate indifference in refusing to allow any relief to Plaintiff after having been put on notice of Plaintiff's distress.

108. Johnson's actions, as described above, were carried out under circumstances of insult and contumely.

109. Plaintiff has a right to safe, minimally comfortable, clean and sanitary accommodations.

110. Johnson's conduct constitutes deliberate indifference to the lack of medical care provided to Plaintiff.

111. Plaintiff has a right to medical care which is actively being denied and/or ignored by Johnson.

112. Johnson's conduct would shock the conscience of the reasonable person.

113. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

114. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

115. Johnson was and is aware of the risk of harm arising from her failure provide proper medical care to Plaintiff and has failed to take measures to prevent and correct these issues.

116. Plaintiff's rights under the Fourteenth Amendment were thus impermissibly abridged and violated.

117.    Johnson's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

118.    Johnson's conduct would shock the conscience of the reasonable person.

119.    Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

120.    The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.


## COUNT VI– DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## JOHNSON-INHUMAN CONDITIONS AND TREATMENT

121.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to provide safe, minimally comfortable, clean and sanitary accommodations.

122.    Johnson subjected and continues to subject Plaintiff to inhumane treatment and conditions through her deliberate indifference by exposing him to safety hazards including raw electrical wiring, improperly functioning or nonexistent fire alarms, smoke alarms and sprinklers, and improper supervision of inmates and failure to segregate violent inmates.

123.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to provide sanitary accommodations including properly functioning showers and toilets, proper lighting, running water, clean eating utensils and proper handling of food.

124.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to provide him with a nutritionally adequate diet.

125.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by failing to protect him against exposure to other inmates with communicable diseases.

126.    Johnson subjected and continues to subject Plaintiff to inhumane conditions and treatment through her deliberate indifference by refusing to allow Plaintiff access to legal materials so that he could properly style and draft his pro se complaint.

127.    Johnson subjected and continues to subject Plaintiff to inhumane treatment through deliberate indifference in failing to provide Plaintiff with notice of the jail's grievance policy, if such policy exists.

128.    Johnson subjected and continues to subject Plaintiff to inhumane treatment through her deliberate indifference to an extreme limitation of exercise by only thirty minutes outside each week in a small, insufficient area.

129.    Johnson subjected and continues to subject Plaintiff to inhumane treatment through her deliberate indifference in refusing to allow any relief to Plaintiff after having been put on notice of Plaintiff's distress.

19

130. Johnson's actions, as described above, were carried out under circumstances of insult and contumely.

131. Plaintiff has a right to safe, minimally comfortable, clean and sanitary accommodations.

132. Johnson's conduct constitutes deliberate indifference to the deficient conditions and inhumane treatment of Plaintiff's incarceration.

133. Plaintiff has a right to protection from inhumane treatment under the Fourteenth Amendment to the United States Constitution.

134. Johnson's conduct would shock the conscience of the reasonable person.

135. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

136. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

137. Johnson was and is aware of the risk of harm arising from her failure provide proper supervision and accommodations to Plaintiff and has failed to take measures to prevent and correct these issues.

138. Plaintiff's rights under the Fourteenth Amendment were thus impermissibly abridged and violated.

139. Johnson's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

140. Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy. Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide

access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

141.    The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT VII-DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW JOHNSON-VIOLATION OF FIRST AMENDMENT RIGHTS

142.    Johnson subjected and continues to violate Plaintiff's First Amendment Rights through her deliberate indifference by refusing to allow Plaintiff any reading materials other than religious Christian texts and compelling him to attend prayer and Bible study of Christian origin only.

143.    Johnson violated Plaintiff's First Amendment rights through her deliberate indifference in refusing him access to reading materials other than religious texts and compelling him to attend prayer services.

144.    Johnson subjected and continues to subject Plaintiff to inhumane treatment through deliberate indifference in failing to provide Plaintiff with notice of the jail's grievance policy, if such policy exists.

145.    Johnson subjected and continues to subject Plaintiff to inhumane treatment through her deliberate indifference to an extreme limitation of exercise by only thirty minutes outside each week in a small, insufficient area.

146.  Johnson subjected and continues to subject Plaintiff to inhumane treatment through her deliberate indifference in refusing to allow any relief to Plaintiff after having been put on notice of Plaintiff's distress.

147.  Johnson's actions, as described above, were carried out under circumstances of insult and contumely.

148.  Plaintiff has a right to safe, minimally comfortable, clean and sanitary accommodations.

149.  Johnson's conduct constitutes deliberate indifference to the deficient conditions and inhumane treatment of Plaintiff's incarceration.

150.  Plaintiff has a right to protection from inhumane treatment under the Fourteenth Amendment to the United States Constitution.

151.  Johnson's conduct would shock the conscience of the reasonable person.

152.  The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

153.  Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

154.  Johnson was and is aware of the risk of harm arising from her failure provide proper supervision and accommodations to Plaintiff and has failed to take measures to prevent and correct these issues.

155.  Plaintiff's rights under the Fourteenth Amendment were thus impermissibly abridged and violated.

156.  Johnson's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

157.    Henderson has never been informed of the jail's grievance policy nor has he been made aware that there is a grievance policy.  Therefore, Henderson has been rendered unable to exhaust any administrative remedies due to Fuller's and Johnson's failure to provide access to such remedies so Henderson must be deemed to have exhausted the remedies available to him.

158.    The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, the premises considered, Plaintiff prays for relief as follows:

a)    Enter an injunction requiring the Defendants to provide proper medical treatment, sanitary conditions and safe and minimally comfortable conditions to Plaintiff;

b)    Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the First and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

c)    Grant compensatory damages in favor of Plaintiff as against all Defendants in an amount to be determined by the trier of fact;

d)    Grant punitive damages to Plaintiff against all Defendants in the amount to be determined by the trier of fact;

e)    Grant Plaintiff the cost of this action including reasonable attorneys' fees; and

f)    Grant such other, further and different relief as this Court may deem just and

proper, including all equitable relief, the awarding of which is within the

jurisdiction of the Court.

**RESPECTFULLY SUBMITTED on this the 11th Day of June, 2007**.

**s/ KESA M. JOHNSTON**
Kesa M. Johnston
Attorney for Plaintiff
Oliver Kitchens, P.C.
Post Office Box 486
Roanoke, Alabama 36274
334.863.2181 phone
334.863.4313 fax
kesa@oliverkitchens.com
Alabama State Bar (JOH185)

**s/JAY LEWIS**
Jay Lewis
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:   **Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

**s/Kesa M. Johnston**
**s/ Jay Lewis**

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**