**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANNY HENDERSON,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. 3:07-CV-452-MEF** |
| | * | |
| **RANDOLPH COUNTY COMMISSION,** | * | |
| **et al.** | * | |
| **Defendants.** | * | |

## PLAINTIFF'S APPLICATION FOR AWARD OF FEES AND COSTS

COMES NOW Plaintiff in the above-styled cause and files this Application for Award of Attorneys' Fees and Costs and would show the Court as follows:

1.    Plaintiff was the prevailing party in the above-styled cause relating specifically to his pro se Complaint requesting a temporary restraining order be issued against Defendants.

2.    Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C.A. § 2000e-5(k), and 29 U.S.C.A. § 216(b).

3.    Plaintiff's attorney, Kesa M. Johnston worked for a minimum of 17.30 hours on this case, and a reasonable fee for Kesa M. Johnston is $200.00 per hour, for a total of $3410.00 in legal time, $148.41 in mileage and $24.61 for extraordinary expenses.

4.    The total fee that Plaintiff requests that the Court award is $3,583.02.

5..    In addition to the foregoing, Plaintiff incurred certain expenses, for which a separate bill of costs has been submitted to the Clerk of the Court.

7.    Attached hereto is an invoice setting forth in particular detail the work that was done by Kesa M. Johnston  (Exhibit A) which sets forth in detail the work that was done and the expenses that were incurred.

8.    Attached hereto is the affidavit of Kesa M. Johnston (Exhibit B) submitted in support of this application.

9.    Plaintiff adopts as if submitted herewith Plaintiff's brief in support of the award of attorney's fees and expenses.

10.    Plaintiff adopts as if submitted herewith the affidavits of the Honorable Jeffery C. Duffey and the Honorable Jimmy Jacobs, attesting to their opinion of the reasonableness of the fees in this case.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff prays that this Court will award her attorney's fees in the above-styled cause in the total amount of $3,583.02, and will tax the same as against Defendants.

**RESPECTFULLY SUBMITTED on this the 11th day of June, 2007.**

> **s/ KESA M. JOHNSTON**
> Kesa M. Johnston
> Attorney for Plaintiff
> Oliver Kitchens, P.C.
> Post Office Box 486
> Roanoke, Alabama 36274
> 334.863.2181 phone
> 334.863.4313 fax
> kesa@oliverkitchens.com
> Alabama State Bar (JOH185)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:  **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

**s/Kesa M. Johnston**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,            *
     Plaintiff,                *
                                  *
        v.                  *           Civil Case No. 3:07-CV-452-MEF
                                  *
RANDOLPH COUNTY COMMISSION, *
et, al.                            *
     Defendants.             *
                                  *

## KESA M. JOHNSTON
## ITEMIZED ATTORNEY FEE DECLARATION AND BILL OF COSTS

| | | |
|---|---|---|
| 5-24-07 | Appointed to case, open file | .20 |
| 5-24-07 | Round trip travel to and from jail to meet with client, client at hospital, told to come back later | .50 |
| 5-26-07 | Initial meeting with client, discussed entire case, complaint, need to amend complaint, took other notes on various jail issues, explained procedural issues and timing of needed filing | 2.00 |
| 5-26-07 | Round trip travel to and from jail for initial meeting with client | .50 |
| 5-29-07 | Round trip travel to and from jail for follow up meeting with client | .50 |
| 5-29-07 | Follow up meeting with client at jail. Discussion of proper parties to complaint. Client filled out HIPPA releases. Thorough discussion of client's medical history | 1.25 |
| 5-29-07 | Fax and mail HIPPA release to hospital, called hospital to follow up, received records | .20 |
| 5-29-07 | First draft of amended complaint | .75 |
| 5-29-07 | Call to Jay Lewis as potential co counsel. Discussed case facts and allegations | .50 |
| 5-30-07 | Review of medical records from Wedowee Hospital | .40 |
| 5-30-07 | Discussion with registered nurse who helped read and understand | .60 |

| | records to review medical treatment provided client | |
|---|---|---|
| 5-30-07 | Second draft of amended complaint | 1.25 |
| 6-5-07 | Motion to dismiss Defendant Craig Davidson | .15 |
| 6-5-07 | Review of motion to vacate and brief filed by Defendants | 1.00 |
| 6-5-07 | Review of Defendant's declarations filed with brief | .50 |
| 6-5-07 | Meeting with client at jail to discuss case. Reviewed possible status conference issues. Review amended complaint with client | 1.50 |
| 6-5-07 | Round trip travel to and from jail to meet with client | .50 |
| 6-6-07 | Status conference in Montgomery with Judge Fuller and other attorneys | .75 |
| 6-6-07 | Round trip travel time to and from Montgomery for status conference | 4.00 |

**TOTAL TIME**                    **17.05 Hours @ $200.00 per hour=$3410.00**
**EXTRAORDINARY EXPENSES**
　　　　　　　　**Mileage**              **306 miles @.485 cents per mile= $148.41**
　　　　　　　　**Medical Records from Wedowee Hospital**          **$14.61**

**TOTAL CLAIM OF ATTORNEY**              **$3,573.02**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,     *
   Plaintiff,      *
             *
    v.       *    Civil Case No. 3:07-CV-452-MEF
             *
RANDOLPH COUNTY COMMISSION, *
et al.           *
   Defendants.    *

## PLAINTIFF'S APPLICATION FOR AWARD OF FEES AND COSTS

COMES NOW Plaintiff in the above-styled cause and files this Application for Award of Attorneys' Fees and Costs and would show the Court as follows:

1. Plaintiff was the prevailing party in the above-styled cause relating specifically to his pro se Complaint requesting a temporary restraining order be issued against Defendants.

2. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C.A. § 2000e-5(k), and 29 U.S.C.A. § 216(b).

3. Plaintiff's attorney, Kesa M. Johnston worked for a minimum of 17.30 hours on this case, and a reasonable fee for Kesa M. Johnston is $200.00 per hour, for a total of $3410.00 in legal time, $148.41 in mileage and $24.61 for extraordinary expenses.

4. The total fee that Plaintiff requests that the Court award is $3,583.02.

5.. In addition to the foregoing, Plaintiff incurred certain expenses, for which a separate bill of costs has been submitted to the Clerk of the Court.

7. Attached hereto is an invoice setting forth in particular detail the work that was done by Kesa M. Johnston (Exhibit A) which sets forth in detail the work that was done and the expenses that were incurred.

8.    Attached hereto is the affidavit of Kesa M. Johnston (Exhibit B) submitted in support of this application.

9.    Plaintiff adopts as if submitted herewith Plaintiff's brief in support of the award of attorney's fees and expenses.

10.    Plaintiff adopts as if submitted herewith the affidavits of the Honorable Jeffery C. Duffey and the Honorable Jimmy Jacobs, attesting to their opinion of the reasonableness of the fees in this case.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff prays that this Court will award her attorney's fees in the above-styled cause in the total amount of $3,583.02, and will tax the same as against Defendants.

**RESPECTFULLY SUBMITTED on this the 11th day of June, 2007.**

> **s/ KESA M. JOHNSTON**
> Kesa M. Johnston
> Attorney for Plaintiff
> Oliver Kitchens, P.C.
> Post Office Box 486
> Roanoke, Alabama 36274
> 334.863.2181 phone
> 334.863.4313 fax
> kesa@oliverkitchens.com
> Alabama State Bar (JOH185)

### CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:   **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

> **s/Kesa M. Johnston**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,          *
     Plaintiff,            *
                          *
        v.               *       Civil Case No. 3:07-CV-452-MEF
                          *
RANDOLPH COUNTY COMMISSION, *
et al.                      *
     Defendants.          *

## AFFIDAVIT OF KESA M. JOHNSTON

STATE OF ALABAMA        )
                            )
RANDOLPH COUNTY       )

BEFORE ME, the undersigned authority, personally appeared KESA M. JOHNSTON who is known to me and who, being first duly sworn upon oath, did depose and say as follows:

"My name is KESA M. JOHNSTON, the affiant herein. I am a licensed practicing attorney in the Middle District of Alabama, and have been so licensed and practiced in this District since May 2007. I graduated from Jones School of Law with a Juris Doctorate in 2003. I have been in the private practice of law as an associate with the law office of Oliver Kitchens, P.C., a law firm in Roanoke, Alabama. I am a member in good standing of the Alabama State Bar. I am lead counsel in the above-styled case.

I have compiled and reviewed the Application for Award of Fees and Costs and the brief in support thereof. I affirm that the hours listed as having been worked by me are true and accurate to the best of my knowledge and belief and that the total of those hours is 17.05. In fact, there were hours worked by myself that are not reflected on the said Application, so the hours listed comprise a minimum of the time expended on this case by me.

This case was undertaken at great personal risk with knowledge that I would be somewhat stigmatized as a local lawyer who sued the County Commission regarding jail conditions and therefore my reputation was subject to great scrutiny within the community in which I regularly practice.

My office is a small one. It consists of me, the principle, and four support persons. We are able to commence and maintain a limited number of cases. Because we had taken this particular case, we made a conscious general decision to turn down other work during the two weeks I primarily worked on this case. When we undertake hourly-fee work against which the client has deposited a retainer, our customary fee is between $150.00 and $200.00 per hour depending on the complexity of the case and time involved. However, as this is my first federal civil rights case, I looked for guidance form others who regularly practice such law. I have been informed that $200.00 per hour is an acceptable fee for such a case. Although this case was considered speculative, no retainer was paid but rather I agreed to accept appointment to represent this indigent client on a temporary basis. All expenses of litigation thus far have been paid by my office without compensation.

It is my belief that, had we not undertaken representation of Plaintiff, he would have had suffered irreparable harm and would have had difficulty in securing other representation, both because of the nature of the case and the identity of the Defendants.

The rates charged are, to best of my knowledge and belief, reasonable and customary in the Montgomery and Roanoke, Alabama, areas for the same or similar work performed by persons with the knowledge and skill had and employed in this case. Moreover, the rates charged are rates that are being currently charged by me and lawyers in my office."

Further deponent saith not.

_[signature]_

**KESA M. JOHNSTON,**
Affiant

SWORN TO and SUBSCRIBED before me this the 11th day of June, 2007.

_[signature]_
NOTARY PUBLIC, State at Large

My commission expires _7-31-07_

**RESPECTFULLY SUBMITTED on this the 11th day of June, 2007.**

**s/ KESA M. JOHNSTON**
Kesa M. Johnston
Attorney for Plaintiff
Oliver Kitchens, P.C.
Post Office Box 486
Roanoke, Alabama 36274
334.863.2181 phone
334.863.4313 fax
kesa@oliverkitchens.com
Alabama State Bar (JOH185)

### CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:  **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

**s/Kesa M. Johnston**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,             *
        Plaintiff,               *
                              *
            v.                 *          Civil Case No. 3:07-CV-452-MEF
                              *
RANDOLPH COUNTY COMMISSION, *
et al.                            *
        Defendants.           *

## PLAINTIFF'S BRIEF IN SUPPORT OF AWARDING ATTORNEY'S FEES

Plaintiff respectfully files the following brief in support of her application for attorney's fees.

## I. INTRODUCTION

This is a civil rights inmate case brought pursuant to the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 . Plaintiff's claim for proper medical care and request for a temporary restraining order were addressed in this Honorable Court's temporary restraining order dated May 25, 2007. Plaintiff was given emergency medical care on the same date. Through its decision this Court found the Defendant was due to be granted his request for temporary restraining order based on the allegations made by the Plaintiff that he was in need of immediate medical attention.

Plaintiff was the prevailing party in his request for a temporary restraining order, and Plaintiff is presumptively entitled to file her request for attorney's fees, pursuant to which Plaintiff has filed her application. The amount of attorney's fees Plaintiff seeks is $3410.00. Below, Plaintiff explains the basis for these fees.

1

## II. PLAINTIFF IS ENTITLED TO A LIBERAL APPLICATION OF THE ATTORNEY'S FEE PROVISION OF THE FAIR LABOR STANDARDS ACT OF 1938

Section 706(k) of Title VII of the Civil Rights Act, 42 USC § 2000e-5(h) (1976) provides the statutory basis for the award of reasonable attorney's fees to Plaintiff, the prevailing party in this case. As the United States Supreme Court stated in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 54 L. Ed.2d 648, 98 S. Ct. 694 (1978), "it can thus be taken as established . . . that under sec. 706(k) of Title VII a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances."

By proving his case and obtaining a temporary restraining order, Plaintiff in this case has furthered the civil rights of all inmates at Randolph County Jail. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[1], the Fifth Circuit explained the importance of awarding attorney's fees to the "private attorney general" who has vindicated significant civil rights of victimized employees:

> Section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-5(k), provides that:
>
> In any action or proceeding under this subchapter the Court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the cost of the litigation. The purpose of this provision is to effectuate the congressional policy against racial discrimination...In discussing a similar provision in Title VII, the United States Supreme Court observed that:
>
> If the plaintiff obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few

---

[1] The Eleventh Circuit, in an en banc decision, *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees--not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief...

*Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401-402, 88 S.Ct. 964, 966, 19 L. Ed. 2d 1263 (1968). This Court, as part of its obligation 'to make sure that Title VII works,' has liberally applied the attorney's fees provision of Title VII, recognizing the importance of private enforcement of civil rights legislation.

In the same way that a prevailing private attorney general who protects victimized blacks is entitled to have the attorney's fee provision of Title VII "liberally applied" under the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Id.*, Plaintiff in this case is entitled to have the attorney's fee provision of Title VII "liberally applied."

### III. UNDER THE FIFTH CIRCUIT'S DECISION IN *JOHNSON V. GEORGIA HIGHWAY EXPRESS*, PLAINTIFF'S ATTORNEY IS ENTITLED TO FEES OF $3410.00

Under *Johnson v. Georgia Highway Express, Inc., Id.*, the trial court is to compute a base fee (or "lodestar") by multiplying the number of hours reasonably expended on the case by the customary hourly rate of compensation. See *City of Riverside v. Santos Rivera*, 91 L.Ed.2d 466, 106 S.Ct. 2686 (1986) (plaintiffs who recovered only $13,300.00 on federal claims were awarded $245,456.25 attorney's fees). This lodestar amount is to be adjusted upward in appropriate circumstances. See *Graves v. Barnes*, 700 F. 2d 220 (5th Cir. 1983) (lodestar attorney's fee doubled); *Wells v. Hutchinson*, 499 F.Supp. 174, 211 (E.D. Tex. 1980) (lodestar attorney's fees doubled). The propriety of applying "multipliers" to the lodestar amount has been questioned, even in the Eleventh Circuit, but Plaintiff herein does not seek enhancement, merely an ordinary, customary, and reasonable hourly fee.

3

In this case, Plaintiff attached to her application affidavits showing the amount of fees reasonably to be awarded is $3410.00, and demonstrating precisely what work was done to earn those fees. In addition, Plaintiff seeks a conditional award of $5,000.00 for litigating the attorney's fee issue (if required). Should there be no litigation over attorney's fees or other post-trial matters, Plaintiff acknowledges that the additional award of $5,000.00 is due to be denied.

In *Johnson v. Georgia Highway Express, Inc.*, the Fifth Circuit set twelve guidelines to be considered (depending on their applicability to particular cases) in determining the size of the award of attorney's fees in an employment discrimination suit. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc., supra.* Below, Plaintiff discusses several of these standards enunciated in *Johnson v. Georgia Highway Express, Inc., supra*, and explains how these standards support the attorney's fees award sought.

### 1. *Johnson v. Georgia Highway Express*, Factor No. 1: The Time and Labor Required

Plaintiff's attorney's affidavit shows that she spent 17.05 hours on this case.

The time and labor required by Plaintiff's attorney was substantial, because (1) this case required a great deal of immediate emergency attention to protect Plaintiff's health and civil rights,

4

(2) the issues in this case are complex, and (3) the case required a concentration of time and attention within a short period of time.

Plaintiff's attorney spent considerable hours, interviewing, maintaining contact with, reassuring, and comforting the Plaintiff and potential witnesses. The time expended by Plaintiff's counsel was not more than reasonably required to successfully prosecute the Plaintiff's claims.

The hours expended are fully detailed and itemized on the attached fee invoice. It is at this juncture that the Court should note that no hours are being claimed for paralegal time. In other cases, Johnston has sought and received a fee of $40.00 per hour for the services of paralegal staff. However, all work done was personally performed by the attorney. That factor should be considered by the Court in determining that the hours billed are reasonable hours, with no "padding."

### 2. *Johnson v. Georgia Highway Express*, Factor No. 2: The Novelty and Difficulty of the Questions

This case involved difficult (albeit, not novel) questions of law in a field of litigation which presents a complex question. Certainly, the application of the facts of this case to traditional Title VII law created the need for extensive research in order to identify the extent to which Plaintiff's claims would survive.

### 3. *Johnson v. Georgia Highway Express*, Factor No. 3: The Skill Required to Perform the Legal Services Properly

Plaintiff notes that this case involved a specialized area of law which requires a broad general understanding of civil rights law and issues, and a narrowly focused understanding of inmate claims of inhumane jail conditions. Plaintiff's counsel would have been unable to perform her job properly had she not undertaken and developed in depth research in this field of law. The Court will also note that opposing counsel in this case are highly skilled trial attorneys whose intelligence and grasp of

5

trial strategy and tactics is evident.

### 4. *Johnson v. Georgia Highway Express*, Factor No. 4: Preclusion of Other Employment

Plaintiff's counsel undertook this case with the knowledge that she inhabits a small law firm in a small county and that there is a finite number of cases that can be commenced and/or maintained at any time, given the limited resources available. See affidavits of counsel, attached. Plaintiff's attorney devoted extensive time to this case to the exclusion of available hourly work.

### 5. *Johnson v. Georgia Highway Express*, Factor No. 5: Customary Fee in the Community

The hourly rate sought by Plaintiff's attorney is $200.00. The affidavits attached show the background and experience of the attorney.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiff's counsel have charged lower rates in the past, but not within the past year relating to such complex litigation. Plaintiff contends that the fees sought fall within the range of prevailing rates as defined above. Plaintiff contends the rates to be awarded should be the current rates requested, not lower, historic rates. Plaintiff's attorney is requesting only that she be awarded her requested rate, as distinguished from "enhanced" rates. In this case, Plaintiff's attorney will not only waited for payment, but Plaintiff's attorney has actually paid considerable expenses for travel, copying, paralegal services and mail. In *In Re: Ampicillin Antitrust Litigation*, 81 F.R.D. 395, 402 (D.D.C. 1978), the Court explained:

6

The rates used are based upon current normal rates, despite the fact that the services were provided over an eight year period. This use of current rates simplifies the Court's work and roughly counterbalances the inflationary loss suffered by the attorneys because of the long delay in the recovery of their fees.

81 F.R.D. at 402.

In *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980) the Court stated:

Court-awarded fees normally are received long after the legal services are rendered. That delay can present cash-flow problems for the attorneys. In any event, payment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime, which use, particularly in an inflationary era, is valuable. A percentage adjustment to reflect the delay in receipt of payment therefore may be appropriate. *Lindy II*, 540 F.2d at 117.

641 F.2d at 893; see also *Graves v. Barnes*, 700 F.2d 220 (5th Cir. 1983) (Fifth Circuit approved award of fees, based on rates existing at the time of the fee application). Here, Plaintiff's attorneys' financial losses due to delay continue while the attorney's fee issue is being argued. Accordingly, current rates, rather than historic rates, are appropriate.

Plaintiff has attached the affidavit of Jeff Duffey, Montgomery, Alabama, an attorney who has practiced in the field of civil rights. He is familiar with the facts and avers that local lawyers normally charge more than $200.00 per hour for civil rights cases and that other attorneys have charged and have been paid even higher fees.

In the Middle District of Alabama, the U.S. District Court has awarded fees in the range of $105-$290 per hour in civil rights cases. See, e.g., *James v. City of Montgomery*, 1995 WL 271138 (M.D. Ala., April 19, 1995); *Stokes v. City of Montgomery*, 157 F.R.D. 514 (M.D. Ala. 1994); *Medders v. Autauga County Bd. of Educ.*, 858 F. Supp. 1118 (M.D. Ala. 1994); *Wyatt v. Martin* 1991 WL 640065, at *3 (M.D. Ala., Dec. 17, 1991), *aff'd*, 985 F.2d 579 (11th Cir. 1993); *Robinson v. Alabama State Dept. Of Educ.*, 727 F.Supp. 1422 (M.D. Ala. 1989), *aff'd* 918 F.2d 183 (11th Cir.

7

1990); *Bishop v. DBR, Inc., d/b/a/ McDonald's*, 97-T-599-N.

Moreover, even in garden variety straight-fee-against-retainer cases, in which there is no risk of not being paid, Johnston customarily and ordinarily charges (and receives) fees of between $150.00 and $200.00 per hour. The contingency-versus-fixed-fee issue is addressed below.

### 6. *Johnson v. Georgia Highway Express*, Factor No. 6: Whether the Fee is Fixed or Contingent

In this case, Plaintiff's attorneys accepted this case as a court appointed attorney to represent Plaintiff. The attorneys will receive inadequate (or no) fees unless and until the Court enters judgment, awards fees, and Plaintiff's attorney collects on the award. Clearly, Plaintiff's attorney took a substantial risk in taking and pursuing this case. Plaintiff's attorney and her firm have financed this litigation thus far by paying considerable fees for travel, copying, paralegal services, mailings and other necessary expenditures.

The Eleventh Circuit Court of Appeals has acknowledged the propriety of an adjustment to the "lodestar" fee as recently as 1996 in the case of *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996), in cases in which any of a number of factors are present, such as quality of representation in litigation and results obtained. In *Duckworth*, the court had the opportunity to consider the fees requested by the two prevailing attorneys in a 42 U.S.C. § 1983 claim. The court awarded the lead attorney the same amount that is being claimed by Lewis in this case:

> This court has also been given ample opportunity to assess the lawyering of this case for the Plaintiff. Both attorneys are experienced litigators who ably represented their client. Since his admission to the bar in 1961, Donald B. Howe, Jr., has handled over a dozen civil rights cases through trial and at least twenty cases that settled before trial, with the occasion to represent both plaintiffs and defendants. An hourly rate of $200 appropriately represents the efforts of Mr. Howe. His co-counsel, Michael N. Weathersby, has been practicing in Atlanta for over a decade with a pronounced emphasis upon the areas of products liability and commercial litigation. Because the

8

case at bar was Mr. Weathersby's first S> 1983 excessive force case, this court deems the rate of $150 per hour as a reasonable basis for calculating his fees.

*Duckworth*, 97 F.3d 1393 at 1397.

In this case, Johnston has practiced for slightly less than four years. This is her first civil rights case involving inhumane jail conditions. However, Johnston is highly skilled in all aspects of criminal and domestic law including appellate law and murder cases. In addition, Johnston actively sought the advice of and counsel of Jay Lewis, an experienced seasoned practitioner with over fifteen years of legal experience including civil rights cases involving inhumane treatment of inmates. As the Eleventh Circuit stated in *Yates v. Mobile County Personnel Board*, 719 F.2d 1530, 1534 (11th Cir. 1983):

> Vindication of the policy of the law depends to a significant degree on the willingness of highly skilled attorneys...to accept employment discrimination cases on a wholly contingent basis. They will hardly be willing to do so if their potential compensation is limited to the hourly rate to which they would be entitled in noncontingent employment. Busy and successful attorneys simply could not afford to accept contingent employment if those were the rules that were applied. The enforcement of our civil rights acts would then be entrusted largely to less capable and less successful lawyers who lack sufficient employment. Such an arrangement would ill serve policies of enormous national importance.

### 7. *Johnson v. Georgia Highway Express*, Factor No. 7:
### Time Limitations or Other Circumstances

Johnston was appointed on a temporary basis and for the specific purpose of assisting Plaintiff with issues involving the temporary restraining order issued May 25, 2007. Johnston was required to assist Plaintiff with the procedural aspects of his claim, explanation of factual issues and claims and to represent Plaintiff for a temporsry time period. Therefore, there were time limitations attahced to Johnston's representation of the Plaintiff and a great deal of work

9

was required due to said restrictions.

### 8. *Johnson v. Georgia Highway Express*, Factor No. 8: The Amount Involved and the Results Obtained

In *Hensley V. Eckerhart*, 461 U.S. 424, the U.S. Supreme Court explained that, in a lawsuit with one common core of facts, the district court in awarding fees is to focus on the significance of the overall relief obtained in relation to the hours reasonably expended.

Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Plaintiff contends that the instant case falls within the above language of *Hensley v. Eckerhart*, Id.; that is, Plaintiff contends there was a "common core of facts." This common core of facts was based on lack of improper medical care and inhumane conditions of Randolph County Jail; all other claims naturally flowed from that.

Around the common core of facts in this case, Plaintiff brought numerous contentions. In this case, therefore, as in the words of the Supreme Court in *Hensley,* Id., the "fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised . . . ." In this case "the result is what matters;" Plaintiff did prevail on his request for a temporary restraining order requiring Randolph County Jail to provide him medical care, and Plaintiff contends he obtained excellent results.

10

Plaintiff has benefitted other inmates by successfully prosecuting one claim of this civil rights suit. An award of fees sought will also provide an incentive to Plaintiff's attorney to continue to benefit other inmates by policing Randolph County Jail's compliance with the law.

### 9. *Johnson v. Georgia Highway Express*, Factor No. 9: The Experience, Reputation, and Ability of the Attorneys

Plaintiff's attorney, Johnston, is a skilled litigator. Obviously some of her cases have been concluded more successfully than others, but some involved successful jury verdicts and bench trial while others resulted in favorable settlements.

As of the date of this brief, Johnston's law firm is representing at least 6 other inmates currently incarcerated in Randolph County Jail and approximately 50 other clients in ongoing civil and criminal cases.

Plaintiff avers that his attorney has a great deal of experience and ability.

### 10. *Johnson v. Georgia Highway Express*, Factor No. 10: The Undesirability of the Case

This suit was an "undesirable" case. When Johnston was appointed to represent the Plaintiff, Counsel was reluctant because the Defendants in this case are the County Commission, Sheriff and jail administrator in the small community where Johnston regularly practices and resides. Further, Plaintiff's action was based on circumstances which Counsel did not view as a claim which would be easily presented to, or readily accepted by a jury or judge. However, the pervasiveness and egregiousness of the violation of Plaintiff's rights outweighed the negative points of the case. Nevertheless, Plaintiff's attorney believes she will be subjected to of a certain amount of disbelief and scorn in the community as a consequence of her representation of Plaintiff.

11

Moreover, civil rights litigation is seen as "very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer." *Stokes v. City of Montgomery*, 706 F.Supp. 811, 815 (M.D. Ala. 1988), *aff'd*, 891 F.2d 905 (11th Cir. 1989).

Plaintiff's attorney respectfully ask for her full fee to reward her for their willingness to handle a case such as this, and to encourage other attorneys to handle similar civil rights cases in the future.

### 11. *Johnson v. Georgia Highway Express*, Factor No. 11: Professional Relationship with the Client

Plaintiff's counsel had no professional relationship with the client prior to the commencement of this action.

### 12. *Johnson v. Georgia Highway Express*, Factor No. 12: Awards in Similar Cases

This issue was addressed hereinabove. See "Customary Fee" at No. 5. Plaintiff contends that the amount requested is within the range of fee awards in similar cases.

## IV. SUMMARY

Plaintiff's attorney accepted this civil rights case at a substantial risk as appointed counsel. To further this civil rights case, Plaintiffs' attorney expended considerable money on travel, copies, paralegal services and mail, in addition to the reasonable and necessary use of her own time.

Plaintiff expended significant hours of attorney's time. Defendant's maintain that no actionable civil rights violations have taken place and that, even if they had they are not responsible.

12

Plaintiff continues bravely furthers the public interests and inmate rights by prevailing on his claim for a temporary restraining order. Plaintiff respectfully requests fees of $3410.00, plus his attorney's compensable expenses as separately set forth in Plaintiff's Bill of Costs, plus (if warranted) a reasonable fee of $5,000.00 for litigating the fee issue if required.

**RESPECTFULLY SUBMITTED on this the 11th day of June, 2007.**

> **s/ KESA M. JOHNSTON**
> Kesa M. Johnston
> Attorney for Plaintiff
> Oliver Kitchens, P.C.
> Post Office Box 486
> Roanoke, Alabama 36274
> 334.863.2181 phone
> 334.863.4313 fax
> kesa@oliverkitchens.com
> Alabama State Bar (JOH185)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:   **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

> **s/Kesa M. Johnston**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,                *
      Plaintiff,                *
                                    *
           v.                   *       Civil Case No. 3:07-CV-452-MEF
                                    *
RANDOLPH COUNTY COMMISSION, *
et al.                         *
      Defendants.              *

## AFFIDAVIT OF KESA M. JOHNSTON IN SUPPORT OF BILL OF COSTS

STATE OF ALABAMA        )
                            )
RANDOLPH COUNTY       )

      BEFORE ME, the undersigned authority, personally appeared **KESA M. JOHNSTON** who is known to me and who, being first duly sworn upon oath, did depose and say as follows:

      "My name is KESA M. JOHNSTON and I have personal knowledge of the matters contained herein. I have reviewed the bill of costs and the items contained therein are correct and were necessarily incurred in this case. Further, the costs for services claimed were actually and necessarily performed."

      Further deponent saith not.

KESA M. JOHNSTON,
Affiant

SWORN TO and SUBSCRIBED before me this the 11th day of June, 2007.

_Shannon Anthony_
NOTARY PUBLIC, State at Large

My commission expires _7-31-07_

**RESPECTFULLY SUBMITTED on this the 11th day of June, 2007.**

> **s/ KESA M. JOHNSTON**
> Kesa M. Johnston
> Attorney for Plaintiff
> Oliver Kitchens, P.C.
> Post Office Box 486
> Roanoke, Alabama 36274
> 334.863.2181 phone
> 334.863.4313 fax
> kesa@oliverkitchens.com
> Alabama State Bar (JOH185)

### CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:   **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

> **s/Kesa M. Johnston**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DANNY HENDERSON,             *
        Plaintiff,                 *
                                *
           v.                 *        Civil Case No. 3:07-CV-452-MEF
                                *
RANDOLPH COUNTY COMMISSION, *
et al.                           *
        Defendants.            *

## BRIEF IN SUPPORT OF BILL OF COSTS

COMES NOW the Plaintiff and respectfully presents the following in support of his Attorney's Costs Bill filed herewith:

Plaintiff seeks to tax the costs of medical records acquired in this matter and mileage associated with this cause. Plaintiff's medical records in possession of Wedowee Hospital were requested and received by Plaintiff's attorney in an effort to insure Defendants were in compliance with this Honorable Court's temporary restraining order issued May 24, 2007. Plaintiff's attorney was billed by the hospital the amount of $14.61. Taxation of fees for "copies for papers" under 28 U.S.C. §1920 allows recovery for reasonable costs of actually duplicating documents "necessarily obtained for use in the case." Plaintiff asserts that costs for photocopying his medical records claimed was necessarily incurred for use in the prosecution of this case.

Plaintiff seeks to tax upon the Defendants his attorney's necessary mileage costs. T h e current Alabama state rate for mileage is 48.5 cents per mile. Plaintiff's attorney necessarily made several round trips to the jail to meet with Plaintiff as well as a longer trip to Montgomery to attend the status conference scheduled for Wednesday, June 6, 2007. The number of miles claimed is 306 miles at .485 cents per mile totaling $148.41.

**RESPECTFULLY SUBMITTED on this the 11TH Day of June, 2007.**

s/ KESA M. JOHNSTON
Kesa M. Johnston
Attorney for Plaintiff
Oliver Kitchens, P.C.
Post Office Box 486
Roanoke, Alabama 36274
334.863.2181 phone
334.863.4313 fax
kesa@oliverkitchens.com
Alabama State Bar (JOH185)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of June, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:   **Jay Lewis, Esq., Kendrick E. Webb, Esq. and Richard Hill, Jr. Esq.**

s/Kesa M. Johnston