IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DISVISION

DANNY LEE HENDERSON,            )
                               )
        Plaintiff,             )
                               )
v.                             )        CIVIL ACTION NO. 3:07-cv-452-MEF-WC
                               )
LATHONIA J. WRIGHT, et al.,    )
                               )
        Defendants.            )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES AND COSTS AND RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE

COME NOW Defendants Sheriff Jeffery Fuller, Jail Administrator Shirley Johnson and Captain Craig Davidson,[1] sued in their official capacities,[2] and submit this Response Brief in opposition to Plaintiff's Application for Award of Attorney's Fees and Costs.

## PROCEDURAL BACKGROUND

On May 21, 2007, Plaintiff filed a pro se Complaint naming Lathonia J. Wright, all Randolph County Commissioners, Sheriff Jeffery Fuller, Jail Administrator Shirley Johnson and Captain Craig Davidson as Defendants.[3]  On May, 21, 2007, the Court construed Plaintiff's

---

[1] On June 8, 2007, Plaintiff also filed an Amended Complaint, which named only Sheriff Fuller and Shirley Johnson, in addition to the Randolph County Commission and each of its members individually.  Because this Court's Order of May 25, 2007 taxed attorney's fees against Sheriff Fuller, Shirley Johnson, and Craig Davidson, the term "Defendants" in this Response will refer to Craig Davidson, despite the style of Plaintiff's Amended Complaint.

[2] Jeffery Fuller is sued as "Jeff Fuller, Sheriff."  See Caption of Complaint.  He is identified in the Complaint as "Sheriff of Randolph County."  See Complaint, ¶ 2.  It is assumed that the Plaintiff has sued Sheriff Fuller in his official capacity.  See Marsh v. Butler County, 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) (en banc) (concluding that a Court would "decide th[e] case as one in which the complaint purports to sue the Sheriff in both her official and individual capacities," even though the text of the complaint did not state an individual capacity claim, only because "the parties and the district judge clearly litigated the case in that way").  Likewise, Shirley Johnson and Craig Davidson are sued as "Shirley Johnson, Jail Administrator" and "Craig Davidson, Jail Official," respectively.

[3] The Magistrate Judge recommended Defendants Lathonia J. Wright and "All Randolph County Commissioners" be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) prior to service.  See Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1289 (11th Cir. 1998) (County commissioners cannot be held liable for actions undertaken during

Complaint to include Motions for a Temporary Restraining Order and a Preliminary Injunction. The Court issued no written order, but entered the order on the Court's online case-action summary.  Undersigned counsel for Defendants, C. Richard Hill, Jr., received a telephone call from the Court on or before May 22, 2007, requesting the name and number of the County Attorney for Randolph County.  Mr. Hill provided the Court the name of John Tinney, but was refused any information as to the nature of the matter.

On May 23, 2007, the Court held a telephone status conference on the Motion for Temporary Restraining Order.  Neither Defendants, nor their counsel, received notice of this "status conference."  (See Exhibit A to Defendants' 06/05/07 Motion to Vacate and Terminate, Declaration of Jeffery Fuller, "Fuller Decl.," ¶ 19.)  The undersigned have no record of what transpired during that status conference.  Attorney Kesa Johnston was present at the status conference on behalf of Plaintiff (whom she was later appointed to represent) and John Tinney, the Randolph County Attorney, on behalf of Randolph County.[4]  There was no counsel present at the "status conference" on behalf of Defendants Fuller, Johnson, and Davidson.  (Ex. A, Fuller Decl. ¶ 18.)  Counsel for Defendants did not receive notice of the May 23, 2007 status conference until after it had transpired.

John Tinney is not the attorney of record for Defendants, nor has he ever represented Defendants in prior litigation.  (Ex. A, Fuller Decl. ¶ 16; see Exhibit B to Defendants' 06/05/07

---

the daily operation of a county jail); Woods v. Gamel, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county – including the jail – are legislative acts protected by legislative immunity.").  Defendants Wright and "All Randolph County Commissioners" have neither been served with a copy of the Complaint nor with this Court's Order.  Although this Motion to Vacate and Terminate is submitted on behalf of any Defendants considered bound by the Court's Order, any references to "Defendants" herein refers only to Sheriff Jeffery Fuller, Jail Administrator Shirley Johnson, and Captain Craig Davidson, unless otherwise specified. In its Order of June 12, 2007, this Court adopted the Magistrate Judge's findings and Randolph County and the Randolph County Commissioners with prejudice. (Doc. 22.)

[4] When Mr. Tinney appeared at the telephone conference, he was out of his office and had not received a copy of the Complaint.  Mr. Tinney, who advised the Court that he represented Randolph County, believed that Randolph County was a party.

Motion to Vacate and Terminate, Declaration of Shirley Johnson, "Johnson Decl.," ¶ 16; Exhibit C to Defendants' 06/05/07 Motion to Vacate and Terminate, Declaration of Craig Davidson, "Davidson Decl.," ¶ 17.)  On May 24, 2007 or May 25, 2007, Defendants were finally served with Plaintiff's Complaint.  (Ex. A, Fuller Decl. ¶ 10; Ex. B, Johnson Decl. ¶ 14.)  Immediately upon receipt of Plaintiff's Complaint, Defendants contacted their attorneys, the undersigned counsel of record.  Undersigned counsels' firm has represented Defendants in prior jail litigation involving the Randolph County Jail that named them as parties.  (Ex. A, Fuller Decl. ¶ 20; Ex. B, Johnson Decl. ¶ 18; Ex. C, Davidson Decl. ¶ 20.)  Defendants first received notice of Plaintiff's Complaint on May 24, 2007, at the earliest, <u>one day after the Court held its "status conference" on the Motion for Temporary Restraining Order</u>.  (Ex. B, Johnson Decl. ¶ 14.)  The Court entered its Order on May 25, 2007.

On June 6, 2007, the Court held another status conference with Plaintiff's counsel, and counsel for Defendants, and John Tinney.  On June 8, 2007, this Court entered an order vacating the Temporary Restraining Order it entered on May 25, 2007, which included a requirement for Defendants to pay Plaintiff's attorney's fees.  The Court's June 8, 2007 Order required Plaintiff's counsel to submit a request for attorney's fees on or before June 11, 2007.  On June 11, 2007, Plaintiff filed an Application for Award of Attorney's Fees and Costs (hereinafter "Application").

## <u>ARGUMENT</u>

**I.  PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS BECAUSE HE HAS NOT COMPLIED WITH THE REQUIREMENTS OF THE PRISONER LITIGATION REFORM ACT ("PLRA") THAT GOVERN THE AWARD OF ATTORNEY'S FEES.**

The PLRA sets forth provisions that govern the award of attorney's fees.  When Congress enacted the PLRA, the requirements therein for the award of attorney's fees

3

supplement previous congressional requirements for the award of attorney's fees found in 42

U.S.C. §1988 with respect to claims brought by prisoners under 42 U.S.C. § 1983.  See 42

U.S.C. § 1997e(d)(1) ("In any action brought by a prisoner who is confined to any jail, prison,

or other correctional facility, in which attorney's fees are authorized under section 1988

[footnote omitted] of this title, such fees shall not be awarded, except to the extent that ….")

(emphasis added); see also Jackson v. State Bd. of Pardons and Paroles, 331 F.3d 790, 799

(11th Cir. 2003) ("Section 1988(b) permits reasonable attorney's fees '[i]n any action or

proceeding to enforce a provision of section[ ] ... 1983,' 42 U.S.C. § 1988(b), and §

1997e(d)(1)(A) permits attorney's fees for 'proving an actual violation of the plaintiff's

rights.'").  Section 1997e(d) of the PLRA provides:

> In any action brought by a prisoner who is confined to any jail, prison, or other
> correctional facility, in which attorney's fees are authorized under section 1988 of
> this title, such fees shall not be awarded, except to the extent that --
>
>> (A) the fee was directly and reasonably incurred in proving an
>> actual violation of the plaintiff's rights protected by a statute
>> pursuant to which a fee may be awarded under section 1988 of this
>> title; and
>> (B)(i) the amount of the fee is proportionately related to the court
>> ordered relief for the violation; or
>> (ii) the fee was directly and reasonably incurred in enforcing the
>> relief ordered for the violation.

42 U.S.C. § 1997e(d) (emphasis added).

As the United States Supreme Court recognized in Martin v. Hadix, 527 U.S. 343, 347

(1999), "Section 803(d)(3) of the Prison Litigation Reform Act of 1995 … [codified by  42

U.S.C. § 1997e(d)] places limits on the fees that may be awarded to attorneys who litigate

prisoner lawsuits."   The Eleventh Circuit has held that section (d) of the PLRA, much like

section (a), is a mandatory provision binding upon the Court.  See Johnson v. Breeden, 280 F.3d

1308, 1327 (11th Cir. 2002) (holding that that "§ 1997e(d)(1)(A) compels the conclusion that the

district court abused its discretion when it awarded attorney's fees and expenses not directly and reasonably incurred in successfully proving the Eighth Amendment excessive force claim against Breeden and Gomez."). By its plain language § 1997e(d) precludes a Court from entering an award of attorney's fees unless that Court determines that the provision's prerequisites are satisfied.

### A. PLAINTIFF HAS NOT PROVEN AN "ACTUAL VIOLATION OF THE PLAINTIFF'S RIGHTS."

Plaintiff's Complaint[5] merely alleged constitutional violations; it did not prove that Plaintiff's constitutional rights were violated. A jury is the proper arbiter of determining whether Plaintiff's constitutional rights were violated, not the Court. The Court made no determination in its Order that Plaintiff's constitutional rights had been violated. The PLRA, by its plain language, limits the Court's authority to award attorney's fees and expenses to those fees that were "directly and reasonably incurred in proving an <u>actual</u> <u>violation</u> of the plaintiff's rights." Without a finding of a violation of Plaintiff's constitutional rights, the Court is precluded from awarding attorney's fees and expenses under the PLRA. <u>See, e.g.</u>, <u>Cody v. Hillard</u>, 304 F.3d 767, 776 (8th Cir. 2002) ("Under the PLRA, attorneys' fees can be awarded in a prisoner civil rights case <u>only</u> <u>if</u> the prisoner "prov[es] an actual violation of ... rights" protected by a relevant statute. § 1997e(d)(1)(A).") (Emphasis added). Because there was no finding of a violation of Plaintiff's constitutional rights, the Court does not have the authority to award attorney's fees in this case.

---

[5] Plaintiff's Amended Complaint is not at issue for purposes of this Opposition to Plaintiff's Application for Award of Attorney's fees. The Amended Complaint was not filed until after the Court had vacated the Temporary Restraining Order that is subject of Plaintiff's Application.

### B.    PLAINTIFF HAS FAILED TO DEMONSTRATE THAT HIS ATTORNEY'S FEES AND COSTS WERE "DIRECTLY AND REASONABLY INCURRED IN PROVING AN ACTUAL VIOLATION OF THE PLAINTIFF'S RIGHTS."

As noted above, Plaintiff has failed to prove a violation of Plaintiff's constitutional rights, as is required by the express language of § 1997e(d) of the PLRA. Other federal courts have interpreted the failure to prove "actual violation" requirement of § 1997e(d) an absolute bar to the award of attorney's fees in cases involving the granting and vacating injunctive relief. In Siripongs v. Davis, 282 F.3d 755, 757 (9th Cir. 2002), the district court entered a Temporary Restraining Order on behalf of the plaintiff, which expired when the court declined to enter a preliminary injunction. There, the defendants contended that "because the district court below issued only a TRO and never finally adjudicated the question of whether [the plaintiff's] rights were violated, he cannot be said to have incurred his fees in "proving an actual violation of [his] rights," as required by the PLRA." 282 F.3d at 758 (emphasis in original). The Ninth Circuit agreed with the defendants' construction of § 1997e(d):

> Because we believe the PLRA's language is clear on its face, "the sole function of the court[ ] is to enforce it according to its terms." [§ 1997e(d)] The critical language appears in section 1997e(d)(1)(A), stating that no fees will be awarded to a prisoner unless the fees were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" (emphasis added). The plain meaning of an "actual violation" of plaintiff's rights excludes a violation that has not been proven in fact, but merely has been asserted.
>
> Here the district court issued only a TRO, finding that "serious questions [had] been raised as to" the facts asserted in Siripongs' action and that Siripongs was "reasonably likely to succeed on the merits of his constitutional claim." The court never found, nor did the government ever concede, that Siripongs' rights were violated. Neither does the record below support an independent conclusion by this court to that effect. We therefore cannot say that Siripongs meets the requirements of § 1997e.

282 F.3d at 758 (emphasis in original). As noted above, in this case Defendants have neither conceded that Plaintiff's rights had been violated, nor did this Court so find. Instead, Plaintiff

has only "asserted" a violation of his rights.  As the Ninth Circuit held in <u>Siripongs</u>, mere assertions of a constitutional violation are insufficient to justify the award of attorney's fees. Under the plain language of § 1997e(d), this Court is precluded from awarding attorney's fees without a finding that Plaintiff's rights had been violated by Defendants' actions.

If this Court grants Plaintiff's counsel's Application and taxes Plaintiff's counsel's fees and costs against Defendants without a showing that those fees and costs were directly and reasonably incurred in <u>proving a actual violation of a constitutional right</u>, the Court will contravene the provisions of the PLRA that limit the award of attorney's fees under 42 U.S.C. § 1988.  This Court must deny Plaintiff's Application, because Plaintiff has not complied with the provisions of the PLRA that limit the Court's ability to award attorneys fees to those situations where a constitutional violation has been proven and the attorney's fees and expenses were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights."

### C.    DEFENDANTS HAVE STILL NOT FILED A REPLY TO PLAINTIFF'S INITIAL ACTION SO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES IS IN DIRECT VIOLATION OF § 1997e(g)(1) OF THE PLRA.

In <u>Jones v. Bock</u>, the United States Supreme Court noted Congress's ability to modify the procedural requirements that govern the federal courts.  In discussing 42 U.S.C. §1997e(g), the provision in the PLRA that allows defendants to waive their right to reply, the Court aptly recognized that "when Congress meant to depart from the usual procedural requirements, it did so expressly."  ___ U.S. ___, 127 S. Ct. 910, 921 (2007).  As the Court indicated in <u>Jones v. Bock</u>, by enacting §1997e(g) of the PLRA, Congress expressly modified the procedural rules set forth in 42 U.S.C. § 1983, governing the award of attorney's fees. The congressional enactment of the PLRA added to the requirements of § 1988 the requirements that a reply be filed before a Court may enter an award of attorney's fees.

Section 1997e(g)(1) provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. <u>No relief shall be granted to the plaintiff unless a reply has been filed</u>.

42 U.S.C. § 1997e(g)(1) (emphasis added). Although neither the Eleventh Circuit nor the United States Supreme Court has addressed the validity of an Order entered before a reply has been filed, United States District Courts in other jurisdictions have refused to grant a plaintiff relief under § 1983 when a reply has not yet been filed. <u>See</u> <u>Stevenson v. MDOC</u>, 2007 WL 1202310, *1 (W.D. Mich. 2007) ("Section 1997e(g) bars plaintiff from obtaining an entry of default or a default judgment against any of the defendants, because defendants have no obligation to reply to the complaint until ordered by the court. <u>See, e.g.</u>, <u>Banks v. Percher</u>, No. 4:04-cv-764, 2006 WL 1878330 at *2 (M.D. Pa. July 6, 2006) ('even if we were to have jurisdiction over defendant Fretz ... we could not enter a default judgment in favor of plaintiff because 42 U.S.C. § 1997e(g)(1) requires a reply be filed in prison condition suits in order for relief to be granted'); <u>Griffin v. Foti</u>, No. Civ. A 03-1274, 2003 WL 22836493 at *1 (E.D. La. Nov.24, 2003) ('the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to a plaintiff until the defendant has filed a reply. 42 U.S.C. § 1997e(g)(1)')."); <u>Wallin v. Brill</u>, 2007 WL 781566, *5 (D. Colo. 2007) ("In addition, as noted by Wederski, plaintiff is a prisoner confined in a correctional facility, and thus pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(g), a default judgment should not be entered in favor of the plaintiff as the Act requires that a reply be filed in prison conditions suits in order for relief to be granted. <u>See, e.g.</u>, <u>Lee v. Suthers</u>, 50 Fed. Appx. 942 (10th Cir. 2002) (unpublished opinion); <u>Banks</u>, 2006 WL 1878330 (M.D. Pa. July 6, 2006); <u>Griffin</u>, 2003 WL 22836493 (E.D. La. Nov. 24, 2003).").

Here, by the Court's Order of May 22, 2007, Defendants had until July 3, 2007 to file their reply to Plaintiff's Complaint. (Doc. 4.) Because Plaintiff filed his Amended Complaint on June 11, 2007, Defendants now must file their reply to Plaintiff's Amended Complaint by June 25, 2007. See Rule 15(a), Fed. R. Civ. P. Because Defendants have not filed their reply to Plaintiff's Complaint or Amended Complaint, § 1997e(g)(1) of the PLRA precludes this Court from granting Plaintiff relief on his Application. Any award of attorney's fees based on any order entered prior to a reply being filed is tantamount to a default being entered and clearly contravenes § 1997e(g).

## II.    PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. § 1988 BECAUSE PLAINTIFF WAS NOT A PREVAILING PARTY IN THE LITIGATION BELOW.

Even if the PLRA had never been adopted and Congress had not incorporated the requirement of proving a constitutional violation into the determination of an award of attorney's fees, Plaintiff would not be entitled to an award of attorney's fees because Plaintiff was not a "prevailing party" on his Motion for a Temporary Restraining Order as required by § 1988. 42 U.S.C. § 1988 provides in pertinent part:

> (b) Attorney's fees
>
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title … title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988 (emphasis added). In Hensley v. Eckerhart, 461 U.S. 424 (1983), the United States Supreme Court noted that no fee award is permissible until the plaintiff has crossed the "statutory threshold" of prevailing party status. 461 U.S. at 433.

**A.     PLAINTIFF CANNOT BE CONSIDERED A PREVAILING PARTY BECAUSE THE COURT'S JUNE 8, 2007 ORDER VACATED THE TEMPORARY RESTRAINING ORDER ENTERED ON MAY 25, 2007.**

As noted above, this Court's June 8, 2007 Order stated, "The temporary restraining order entered on May 25, 2007 (Doc. #6) is VACATED." (Order, April 8, 2007, ¶ 1.) In Sole v. Wyner, __ U.S. __, 127 S. Ct. 2188 (2007), the Supreme Court held that where the district court ultimately vacates preliminary injunction entered on the plaintiff's motion, "[the plaintiff] is not a prevailing party … for her initial victory was ephemeral. A plaintiff who 'secur[es] a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against [her]," has "[won] a battle but los[t] the war.'" 127 S. Ct. at 2196 (quoting Watson v. County of Riverside, 300 F.3d 1092, 1096 (9th Cir. 2002)). As in Sole, in this case, the Temporary Restraining Order entered on Plaintiff's motion was vacated by this Court's Order. Therefore, Plaintiff cannot be considered a prevailing party for purposes of awarding attorney's fees.

Plaintiff suggests that, as "a prevailing private attorney general who protects victimized blacks … Plaintiff in this case is entitled to have the attorney's fee provision of Title VII 'liberally applied.'"[6] (Application, ¶ 3.) Apparently, Plaintiff believes that even though the Court vacated its Temporary Restraining Order, Plaintiff should be considered a prevailing party, because even though he lost on the merits of his Temporary Restraining Order, as a "private attorney general," he has "furthered the civil rights of all inmates at Randolph County Jail." (Application, ¶ 2.) To support this proposition, Plaintiff quotes Johnson v.

---

[6] Plaintiff is neither an African American, nor did the Temporary Restraining Order entered by this Court on his behalf affect any prisoner in the Randolph County Jail other than the Plaintiff. The Temporary Restraining Order was limited to ensuring that Plaintiff received the necessary medical care to which he was entitled.

Georgia Highway Express, Inc., 488 F.2d 714, 716 (5th Cir. 1974).[7]  However, in Blanchard v. Bergeron, 489 U.S. 87, 91 (1989), the Supreme Court recognized that the Fifth Circuit's twelve-factor test for awarding attorney's fees in Johnson had been superseded by Congress' enactment of 42 U.S.C. § 1988.  As noted above, § 1988 added the "prevailing party" requirement to Johnson's twelve factor test when considering whether to award attorney's fees in a civil rights case.

In Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 598 (2001), the Supreme Court held that a "'prevailing party' is one who has been awarded some relief by a court."  There, the Court ruled that to be considered a prevailing party for purposes of an award of attorney's fees under § 1988, the plaintiff's action must have resulted in some "judicially sanctioned change in the parties' legal relationship."  In so holding, the Court rejected the "catalyst theory" on the grounds that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."  532 U.S. at 598-599 (emphasis in original).  Accordingly, for Plaintiff's counsel to be awarded attorney's fees and costs under § 1988, Plaintiff must demonstrate that, as a result of the proceedings in which Plaintiff's counsel represented Plaintiff, some "judicially sanctioned change in the parties' legal relationship" transpired.  Here, the Court has vacated its Temporary Restraining Order.  There is no judicially sanctioned change in the legal relationship between Plaintiff and Defendants; even if Plaintiff's unsupported allegations are true that Defendants changed their conduct as a result of Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction.  As

---

[7] Interestingly, Johnson dealt with the application of the Fair Labor Standards Act of 1938.  Plaintiff seeks an award of attorney's fees under the Fair Labor Standards Act, as did the plaintiffs in Johnson.  However, unlike Johnson, this case deals neither with Title VII, the Fair Labor Standards Act, nor does it involve employee discrimination. Plaintiff is an incarcerated inmate in a County Jail awaiting trial for murder.

<u>Buckhannon</u> holds, Defendants' voluntary change in conduct is not sufficient to render Plaintiff a prevailing party for the purpose of an award of attorney's fees. Therefore, this Court must deny Plaintiff's Application, because Plaintiff was not a prevailing party for purposes of 42 U.S.C. § 1988.

> **B.    PLAINTIFF CANNOT BE CONSIDERED A PREVAILING PARTY ON HIS MOTION FOR A TEMPORARY RESTRAINING ORDER, BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH THE MINIMUM REQUIREMENTS OF THE PLRA.**

The Court's adherence to mandates of the PLRA is essential to ensure that the "flood" of frivolous claims for constitutional violations does not burden and hinder the Court's consideration of legitimate claims presented by pro se litigants. <u>See</u> <u>Harris v. Garner</u>, 216 F.3d 970, 972 (11th Cir. 2000) ("In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ('PLRA').").  As the Supreme Court recently recognized in <u>Jones v. Bock</u>:

> Prisoner litigation continues to "account for an outsized share of filings" in federal district courts. <u>Woodford v. Ngo</u>, 548 U.S. ----, ----, n. 4, 126 S. Ct. 2378 (2006) (slip op., at 12, n. 4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. [footnote omitted]  Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law.  The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 [] (1989).
>
> Congress addressed that challenge in the PLRA.  What this country needs, Congress decided, is fewer and better prisoner suits. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524, [] (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits").  To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. <u>Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.</u>

127 S. Ct. at 914 (emphasis added).  Uniform adherence to all the provisions of the PLRA, especially the grievance exhaustion requirement, is mandatory for litigants and the Courts to ensure that the Court can effectively "separate the wheat from the chaff" with regard to claims asserted by inmate litigants.

> The first section of the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).  Under this provision of the PLRA, an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983, and the Court is precluded from granting relief to any plaintiff who has not exhausted all his administrative remedies.  In Woodford v. Ngo, __ U.S. __; 126 S. Ct. 2378, 2382 (2006), the Supreme Court held, "Exhaustion is no longer left to the discretion of the district court, but is mandatory."  See also Booth v. Churner, 532 U.S. 731, 739 (2001).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards.").  As the Supreme Court stated in Jones v. Bock, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  127 S. Ct. at 918-19 (citing Porter v Nussle, 534 U.S. 516, 524) (emphasis added).

Here, Plaintiff has still not exhausted the grievance procedures provided at the Randolph County Jail.  The Plaintiff has not only failed to file a grievance report, but he has never submitted an inmate request form for medical care.  (Ex. B, Johnson Decl. ¶ 20.)  Under the plain language of the PLRA, Plaintiff may not maintain this action for an award of attorney's fees.  This Court should deny Plaintiff's Application, for failure to comply with the mandates of the PLRA in 42 U.S.C. § 1997e(a).

III.    **PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS BECAUSE SUCH AN AWARD VIOLATES PRINCIPLES OF QUALIFIED IMMUNITY.**

While it appears that Defendants initially were only sued in their official capacities, to the extent that this Court concludes that this Court's May 25, 2007, Order enjoined Defendants in their individual capacities,[8] qualified immunity bars recovery of attorney's fees incurred in the course of seeking that relief.  In D'Aguanno v. Gallagher, 50 F.3d 877 (11th Cir. 1995), the Eleventh Circuit held that attorney's fees fall within the damages which a qualified immunity defense would bar.  There the Court stated, "We hold that, for qualified immunity purposes, the term 'damages' includes costs, expenses of litigation, and attorneys' fees claimed by a plaintiff against a defendant in the defendant's personal or individual capacity."  D'Aguanno, 50 F.3d at 881.  In D'Aguanno, the Eleventh Circuit noted a procedural mechanism with which this Court must comply when entering an award of attorney's fees in a case involving the defense of qualified immunity, a procedural mechanism that reinforces the policy considerations behind the qualified immunity defense: "[I]n cases involving the qualified immunity defense, no court should award fees or costs against a defendant in his individual capacity without first making clear with particularity the unreasonable conduct during the litigation that supports the award." 50 F.3d at 881 n.7 (emphasis in original).

This Court has never conducted a qualified immunity analysis, as is required in D'Aguanno.  Furthermore, this Court has declined to state with particularity the unreasonable conduct that supports the award of attorney's fees and costs, as required by D'Aguanno.  Because an award of attorney's fees and costs in this case would violate principles of qualified

---

[8] As discussed in footnote 2, supra, Plaintiff's original Complaint did not allege claims against Defendants in their individual capacities.

immunity, this Court must deny Plaintiff's Application as inconsistent with the principles qualified immunity.

## IV.    EVEN IF PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS, THE FEES AND COSTS SOUGHT ARE IMPROPER.

Defendants do not concede their position that, for the foregoing reasons, Plaintiff's Application for Award of Attorney's must fail. However, even if this Court were to award attorney's fees in this case, Plaintiff seeks an award that is clearly in excess of the maximum awards prescribed by law.

### A.    PLAINTIFF SEEKS FEES AND COSTS NOT RECOVERABLE UNDER THE PLRA.

Section 1997e(d)(3) of the PLRA, which places limitations on the recovery of attorney's fees and expenses, provides, "No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." (Emphasis added.) 18 U.S.C. § 3006A provides in pertinent part:

(d) Payment for representation.--

(1) Hourly rate.--Any attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate judge and for time expended out of court.

18 U.S.C. § 3006A (emphasis added).

1. **The hourly fee sought by Plaintiff in his Application for Award of Attorney's Fees is clearly in excess of the maximum fee prescribed by law.**

Here, Plaintiff's counsel seeks $200.00 per hour as a "reasonable fee," based upon the recommendation of other attorneys who litigate similar cases. (Exhibit B, Affidavit of Kesa M. Johnston, ¶ 2 as attached to Plaintiff's Application for Award of Attorney's Fees and Costs.) Under § 1997e(d)(3) of the PLRA and 18 U.S.C. § 3006A(d)(1), the <u>maximum</u> fee that may be considered reasonable should not exceed 150% of $75.00, which amounts to $112.50 per hour. Under that calculation, Plaintiff's counsel would be entitled only to $1,918.13 for the 17.05[9] hours she allegedly spent representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction.[10]

Because 18 U.S.C. § 3006A references the applicability of fees set by the Judicial Conference, Plaintiff's counsel would contend that the higher fee set by the Judicial Conference would apply in this case. Chapter II, Part C., § 2.22(A)(1) of the Judicial Conference Rule for Appointment and Payment of counsel provides that the maximum hourly fee that appointed counsel may charge is $92.00 per hour. Under this reasoning, the maximum hourly fee Plaintiff's counsel could claim would be 150% of $92.00, or $138.00, an hourly fee significantly lower that that claimed by Plaintiff's counsel. However, as noted before, 18 U.S.C. § 3006A provides for hourly fees in excess of those prescribed in that section only to the extent that the higher fee is "<u>not in excess of $75 per hour</u>." Because the provisions of 18 U.S.C § 3006A set

---

[9] There is a discrepancy in the amount of time Plaintiff's counsel claims to have spent in representation of Plaintiff on his Motion for a Temporary Restraining Order. Plaintiff's Application states the time expended as "17.3" hours (Application, ¶ 1), whereas Plaintiff's counsel's Affidavit states the expended time as "17.05" hours. (Johnston Aff., ¶ 1.) Because Plaintiff's counsel's Affidavit is a sworn statement, Defendants treat the accounting of expended hours therein as the accurate version.

[10] As discussed below, Plaintiff's counsel actually did not spend 17.05 hours representing Plaintiff on his Motion for a Temporary Restraining Order, but spent only 12.2 hours in the course of that representation.

the maximum hourly fee at $75.00 per hour, under § 1997e(d)(3), $138.00 is the <u>maximum</u> hourly fee to which Plaintiff's counsel is entitled.

However, Plaintiff's counsel is not entitled to the maximum hourly fee prescribed by 18 U.S.C. § 3006A. Plaintiff's counsel is a novice attorney in the practice of civil rights litigation. By her own admission, this is Plaintiff's counsel's "first civil rights case." Surely a novice attorney is not entitled to the highest hourly fee allowable under law.[11] If this Court awards Plaintiff's counsel the highest hourly fee allowable under law, it will have effectively rewritten <u>sub judice</u> §§ 1997e(d)(3) and 3006A(d)(1) to replace the word "maximum" with the word "minimum."

Instead of demanding $3,410.00 as "reasonable compensation" for the 17.05 hours she claims to have expended in representation of Plaintiff on his Motion for a Temporary Restraining Order, Plaintiff's counsel would only be entitled to $1,918.13 as a reasonable fee for the 17.05 hours she allegedly spent representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction.

> **2.    The additional fee sought by Plaintiff in his Application for Award of Attorney's Fees for "litigating the fee issue" is clearly in excess of the maximum fee prescribed by law.**

As noted above, Plaintiff's counsel would only be entitled to a maximum award of $112.50 per hour, as prescribed by law. In the last sentence of her Application, Plaintiff's counsel demands "a reasonable fee of $5,000.00 for litigating the fee issue." (Application, ¶ 13.) Under the maximum hourly rate set by law, a $5,000.00 fee award would only be warranted in a case where Plaintiff's counsel spent 44.44 hours "litigating the fee issue." It is inconceivable that Plaintiff's counsel has spent 44.44 hours drafting her Application for Award of Attorney's

---

[11] In an analogous situation, a first-year associate at a law firm would not be entitled to bill at the same hourly rate at which the senior partner bills.

Fees.  Further, Plaintiff's counsel makes no statement in her affidavit or otherwise as to the amount of time she spent drafting her Application.  Rather, in seeking this "reasonable fee of $5,000.00 for litigating the fee issue," Plaintiff's counsel appears to be asking this Court to penalize Defendants for contesting this Court's initial award of attorney's fees, despite the fact that Plaintiff's counsel had an opportunity to advocate the award at the May 23, 2007 hearing and Defendants did not have an opportunity to be heard or to oppose such an award. Such a penalty for opposing the award of attorney's fees violates established law governing the award of attorney's fees.

> **B.    PLAINTIFF SEEKS FEES AND COSTS FOR TIME EXPENDED PRIOR TO APPOINTMENT OF PLAINTIFF'S COUNSEL.**

As this Court indicated in its Order of May 25, 2007, which it subsequently vacated in its June 8, 2007, Order, any award of attorney's fees was <u>only</u> for fees and expenses incurred in representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction.  The Court's Order of May 25, 2007, stated, "<u>For the purposes of Plaintiff's Motions for a temporary restraining order and a preliminary injunction</u>, the Court appoints Kesa Johnston to represent Danny Lee Henderson at the cost of the Defendants." (May 25, 2007, Order ¶ 1, emphasis added.)  In her Itemized Attorney Fee Declaration and Bill of Costs, Plaintiff's counsel lists costs and expenses that fall outside the scope of the Court's original award of attorney's fees.

Plaintiff's counsel requests disputed fees and costs for the following time:

| | | | |
|---|---|---|---|
| 1. | 5/24/07: | Appointed to case, open file | .20 |
| 2. | 5/24/07: | Round trip to and from jail to meet with client, client at hospital, told to come back later | .50 |
| 3. | 5/29/07 | First draft of <u>amended complaint</u> | .75 |
| 4. | 5/29/07 | Call Jay Lewis as <u>potential co-counsel</u>. Discussed case facts and allegations | .50 |
| 5. | 5/30/07 | Second draft of <u>amended complaint</u> | 1.25 |
| 6. | 6/5/07 | <u>Motion to dismiss</u> Defendant Craig Davidson | .15 |
| 7. | 6/5/07 | Meeting with client at jail to discuss case. Reviewed possible status conference issues. <u>Reviewed amended complaint with client</u> | 1.50 |

(Emphasis added.)

The time Plaintiff's counsel listed in her Itemized Attorney Fee Declaration and Bill of Costs for compensation from May 24, 2007, was expended <u>one day prior to her appointment</u>. Plaintiff's counsel is not permitted to recoup fees and costs she incurred prior to her appointment to the case in the Court's May 25, 2007 Order.

### C. PLAINTIFF SEEKS FEES AND COSTS FOR TIME EXPENDED OUTSIDE THE REPRESENTATION OF PLAINTIFF ON HIS MOTIONS FOR TEMPORARARY RETRAINING ORDER AND PRELIMINARY INJUNCTION.

Additionally, none of the time Plaintiff's counsel expended drafting an amended complaint was incurred during the course of representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction. Likewise, none of the time Plaintiff's counsel expended drafting a Motion to Dismiss Defendant Craig Davidson was incurred during the course of representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction. Because those hours were not incurred in

the representation of Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction, Plaintiff's counsel is not entitled to fees for that time.

Plaintiff's counsel also requests fees and expenses for a telephone call to Jay Lewis, another attorney, to discuss his interest in serving as co-counsel. The Court's May 25, 2007 Order appointed <u>Kesa Johnston</u>, not <u>Jay Lewis</u>, and that Order provided for fees and costs to <u>Kesa Johnston</u> for time and expense incurred in representing Plaintiff on his Motion for a Temporary Restraining Order. The time and expense of placing a telephone call to another attorney to discuss his interest in serving as co-counsel were not incurred during the course of representing Plaintiff on his Motion for a Temporary Restraining Order, and accordingly Plaintiff's counsel is not entitled to fees for that time.

Therefore, even if Plaintiff's counsel is allowed to recover her fees and expenses, they must be limited to <u>only</u> those incurred in the representation of Plaintiff on his Motion for a Temporary Restraining Order after the Court appointed Plaintiff's counsel. Plaintiff's counsel is not entitled to recover fees for the 4.85 hours she incurred in this case on matters other than the representation of Plaintiff on his Motion for a Temporary Restraining Order. Instead of expending 17.05 hours, Plaintiff's counsel would only be entitled to compensation for <u>12.2</u> hours of work, the time she actually spent representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction. Under the <u>maximum</u> hourly fee prescribed by §§ 1997e(d)(3) and 3006A(d)(1), the most Plaintiff's counsel could receive for the hours she actually spent representing Plaintiff on his Motions for a Temporary Restraining Order and a Preliminary Injunction would be $1,372.50. And, as noted above, Plaintiff's counsel is not entitled to the maximum hourly fee prescribed by law.

## CONCLUSION

Based upon the foregoing, Defendants Jeffery Fuller, Shirley Johnson, and Craig Davidson request that this Court deny Plaintiff's Application for Award of Attorney's Fees and Costs.

Respectfully submitted this 15th day of June, 2007.

**s/Kendrick E. Webb**
KENDRICK E. WEBB, Bar No. WEB022
C. RICHARD HILL, JR., Bar No. HIL045
JOSEPH L. HUBBARD, JR., Bar No. HUB015
Attorneys for Defendants Randolph County Commission, Jeffery Fuller, Shirley Johnson and Craig Davidson
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  kwebb@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **15th day of June, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will send notification to the following CM/ECF participants:  **Kesa M. Johnston, Esq. and Jay Lewis, Esq.**

**s/Kendrick E. Webb**
OF COUNSEL