IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY HENDERSON, | * | |
|     Plaintiff, | * | |
| | * | |
|     v. | * | Civil Case No. 3:07-CV-452-MEF |
| | * | |
| LATHONIA WRIGHT, et. al. | * | |
| | * | |
|     Defendants. | * | |
| | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO AWARD OF ATTORNEY'S FEES AND COSTS**

Comes now the Plaintiff, Danny Henderson, and respectfully submits this response to Defendants' brief in opposition to Plaintiff's application for award of attorney's fees and costs.

**I.     PRISONER LITIGATION REFORM ACT**

Defendant's argue that the Plaintiff is not entitled to an award of attorney's fees and costs because he has not complied with the requirements of the Prisoner Litigation Reform Act ("PLRA"). However, the Plaintiff has complied with the PLRA in that there are no grievance procedures at the Randolph County Jail and therefore any arguments Defendants may have in regards to PLRA, or the jail's grievance procedures, are moot in regards to Henderson.  Randolph County Jail has no ascertainable grievance procedure available to inmates, the requirements of PLRA are not posted nor provided to any prisoner, and when prisoners request grievance forms they are not provided.  A prisoner who is not made aware of the grievance procedure should not be held to comply such grievance procedures or administrative remedies nor should be punished for failure to comply with PLRA.  This issue goes to the very heart of Henderson's claim regarding jail conditions and

1

constitutional violations. The issue of whether or not there is a grievance procedure in place and enforced is an issue of fact to be determined by the trier of the facts. As pointed out by Defendants in their opposition brief, the PLRA provides that:

> In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that–
>
> (A) <u>the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights</u> protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> (B)(I) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

   42 U.S.C. § 1997e(d)(emphasis added).

### A. PLAINTIFF HAS PROVEN AN ACTUAL VIOLATION OF HIS RIGHTS.

This Honorable Court chose to issue a temporary restraining order so that the Plaintiff's rights would be protected and his emergency medical needs met. All fees claimed by Plaintiff's counsel were directly and reasonably incurred in protecting said rights. It became unnecessary for the Plaintiff to prove any further violation of his rights in that the attorney for Defendants, John Tinney, agreed that the Plaintiff would be provide immediate medical care. In addition, during the status conference held on May 23, 2007, referenced in Defendants' brief, Mr. Tinney acknowledged that he had spoken to Sheriff Fuller and Mr. Fuller agreed and did not object to Henderson being provided **immediate emergency** medical care. The Defendants now argue that they were not served properly or given notice of the claim filed by Henderson. However, if Mr. Fuller had previously spoken to John Tinney and had authorized John Tinney to represent him during the status conference, then the Defendants were made aware of such claim. If Fuller failed to inform

Johnson this is evidence of the ongoing lack of communication between those who are responsible for inmates at the Randolph County Jail. If Mr. Tinney chose not to contact Webb Eley that is an issue to be dealt between those attorneys and their clients. By not objecting during the status conference, Mr. Tinney in essence agreed that there was a need to provide Henderson with emergency medical care and therefore Henderson's claim was substantiated without the need for his counsel to prove any other violations of his rights. Therefore, counsel's fee was directly and reasonably incurred in proving the actual violation of Mr. Henderson's rights and the amount of the fee is proportionally related to the court ordered relief for the violation.

      The Plaintiff has proven a violation of his rights in regards to the temporary restraining order and his emergency medical needs. This is not to say that the Plaintiff's rights are not continually being violated as a result of his incarceration in the Randolph County Jail. However, Plaintiff did prove that his rights were being violated and that he was in need of emergency medical care during the time the temporary restraining order was issued. The necessary proof was provided by Defendants' counsel, John Tinney, who agreed that Henderson would receive emergency medical care. Tinney indicated he had spoken to Sheriff Fuller who did not object to such medical attention. The Sheriff himself had Henderson transported to the hospital on the same afternoon the status conference took place. The Defendants violated Henderson's constitutional rights by failing to provide him with adequate medical treatment and subjecting him to inhumane conditions. This Honorable Court clearly felt that Henderson's constitutional rights were being violated in that a temporary restraining order was issued requiring Defendants to provide Henderson with immediate medical care. It is unnecessary for the Plaintiff to provide any further demonstration that the Plaintiff's rights were violated once John Tinney, as counsel for Defendants, conceded to treatment

and Henderson was transported by jail staff to the hospital.

>    **B.    PLAINTIFF HAS DEMONSTRATED THAT HIS ATTORNEY'S FEES AND COSTS WERE DIRECTLY AND REASONABLY INCURRED AND PROVEN IN ACTUAL VIOLATION OF HIS RIGHTS**.

As noted above, the Plaintiff has proven that his rights were violated by virtue of the Defendants agreeing to provide Henderson with emergency medical care. Again, the Plaintiff argues that the PLRA does not apply to his situation. However, if this Court finds that PLRA should apply, then the Plaintiff has complied with all requirements by virtue of the fact that he was never put on notice of any grievance procedure or administrative remedies **available to him**. Without notice of said procedures, Henderson cannot comply with the statute. In addition, Henderson has no access to legal books or law materials and therefore had no way of being aware that such requirements existed. Plaintiff disagrees with Defendants' assertion on page six (6) of their brief stating, "In this case Defendants have neither conceded that Plaintiff's rights had been violated, nor did this Court so find." The Defendants had previously conceded Plaintiff's rights had been violated when attorney for the Defendants, John Tinney, agreed that Henderson would be provided emergency care and that neither the County nor Sheriff Fuller would object to such treatment being provided on the very afternoon the status conference took place.

>    **C.    DEFENDANTS HAVE FILED A REPLY TO PLAINTIFF'S INITIAL ACTION FOR A TEMPORARY RESTRAINING ORDER.**

Defendants argue that they have not filed a reply to the Plaintiff's initial action so therefore attorney's fees would be in direct violation of PLRA. However, Defendants have answered the Plaintiff's initial complaint in regards to the temporary restraining order. On June 5, 2007, Defendants filed a motion to vacate the temporary restraining order and a brief in support thereof.

This response regarding the temporary restraining order was in essence the Defendants' reply to the issue at hand. Attorney's fee are being claimed for the temporary restraining order previously entered by this Honorable Court. Therefore, the Defendants argument regarding their reply is moot. In addition, the Plaintiff states that PLRA does not apply to this action and if the Court finds that PLRA apply does then Plaintiff requests the Court also find the Plaintiff has complied with the PLRA by virtue of the fact Randolph County Jail has no ascertainable grievance policy or administrative procedure available to inmates.

II.     **PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 1988 BECAUSE HE WAS THE PREVAILING PARTY**.

Plaintiff was the prevailing party in that he was granted a temporary restraining order which he had previously requested via his pro se complaint. The Defendants argument that Plaintiff could not be a prevailing party because the restraining order dated May 25, 2007, was vacated, does not apply to the current situation. Essentially, the Plaintiff was the prevailing party in his initial action requesting a temporary restraining order be issued in that the temporary restraining order was granted, thereby providing him with the emergency relief he had requested in his initial action. Defendants point out the U.S. Supreme Court case Sole v. Wyner, _____ U.S._____, 127S. Ct. 2188 (2007). In Sole the Court held that where the District Court vacated a primary injunction that the Plaintiff was not the prevailing party in that she later lost on the merits. Sole is not applicable in the current action in that Henderson has not lost on the merits but rather prevailed on his request for a temporary restraining order. As noted in the Defendants' brief on page 11, the Supreme Court case of Buckhannon Bd. and Care Home, Inc v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 598 (2001), held that a prevailing party is one who has been awarded relief

5

by the Court. Here, Henderson was the prevailing party in that he has been awarded relief via the temporary restraining order. This Honorable Court entered a temporary restraining order granting Henderson relief for his emergency medical needs. In addition, the Defendants themselves acknowledge that Henderson was in need of medical care when their attorney agreed to provide Henderson with care, he did not object to said emergency treatment, and the jail transported Henderson to the hospital the same afternoon.

Defendants further argue that the Plaintiff is not a prevailing party on his motion for a temporary restraining order because he has failed to comply with the minimum requirements of PLRA. The Plaintiff again offers to this Honorable Court that he is not required to conform to the requirements of the PLRA in that the Defendants themselves have failed to provide the means for him to meet the requirements of the PLRA. If the Randolph County Jail does not provide its prisoners grievance policies and procedures or administrative remedies, the prisoners should not be required to conform to such procedures and requirements to remedy to their complaints. If the PLRA was enacted to ensure that there were fewer frivolous claims brought then Plaintiffs required to conform with said mandates of the PLRA should not be punished due to the Defendants own failure to adhere to the mandates of the PLRA. The Defendants quote the first section of the PLRA that provides:

> "<u>No action shall be brought</u> with respect to prison conditions under section 1983 of this title, or any other federal law, by prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>. (Defendants brief page 13).

Henderson has exhausted all remedies that were available due to the fact that no such remedies were or are, as of the date of this filing, available to inmates at the Randolph County Jail. If there are such

administrative procedures and remedies, inmates are not made aware of those procedures. Henderson, by virtue of this litigation, can show to this Honorable Court that he was never provided with any grievance procedures nor informed of any administrative remedies. Therefore, either the PLRA does not apply to Henderson or he should be deemed to have complied with all requirements and exhaustion of remedies. In addition, Defendants' brief indicates that the Plaintiff has never submitted an inmate request form for medical care. This is a blatant untruth and the Plaintiff would argue that not only has he submitted medical request forms in written form but also verbally has requested relief. If there are no medical requests form on file for Henderson then such requests must have been destroyed or misplaced by the jail staff. This issue seems to be one that is a continual problem and Henderson would argue that he has not filed a grievance report because no such alternatives were made available to him.

### III. PLAINTIFF IS ENTITLED TO A AWARD OF ATTORNEY'S FEES REGARDLESS OF THE DEFENSE OF QUALIFIED IMMUNITY DUE TO THE FACT DEFENDANTS HAVE NOT ASSERTED SUCH DEFENSE IN RESPONSIVE PLEADING.

Defendants further argue that Plaintiff is not entitled to attorney's fees and costs due to the fact Defendants were sued only in their official capacities in Plaintiff's initial complaint. However, Defendants have not argued qualified immunity in any responsive pleadings answering Plaintiff's complaint and therefore such an argument should be barred in regards to attorney's fees. Due to the fact the Defendants have not asserted a defense of qualified immunity their argument in regards to attorney's fees associated with the temporary restraining order would be meritless.

**IV.    PLAINTIFFS REQUEST FOR ATTORNEY'S FEES AND COSTS ARE PROPER.**

In response to Defendants argument that work performed and the requested attorney's fees were very reasonable in this matter and much of the work performed on this case was not billed even though such work was performed to further Henderson's cause and ensure he was given proper medical treatment. The undersigned expects that this Honorable Court can make a just determination in regards to her attorney's fees so that said work is appropriately compensated without placing an undue burden on any party. It is important to note that the work performed on May 24, 2007, the Honorable Court orally appointed the undersigned to the case via status conference, was work performed not only to ensure that the Plaintiff was provided appropriate emergency medical treatment, but also to ensure that the Defendants had complied with the order and were giving Henderson the medical treatment agreed to by all parties. On May 24, 2007, John Tinney conceded and agreed to provide Henderson emergency medical care. Mr. Tinney informed this Honorable Court and the undersigned counsel that Henderson would be given immediate treatment on the very day the conference call took place as Sheriff Fuller had already agreed to said care. While the official written order was not submitted until May 25, 2007, the undersigned began immediate representation of her client so as to ensure that he would be given the appropriate medical treatment he desperately needed. In terms of hourly fees and hours of work performed, the undersigned would argue that the work performed was necessary, her hours were carefully considered and even under billed, and all costs were appropriately noted. In terms of a proper hourly rate, counsel is certain that this Honorable Court will award the appropriate hourly rate for hours performed or hourly rate regularly charged but would state that $200.00 per hour is proper and not outside the scope of work regularly performed by attorneys of similar standing.

**RESPECTFULLY SUBMITTED on this the 2nd Day of July, 2007**.

                                                **s/ KESA M. JOHNSTON**
                                                Kesa M. Johnston
                                                Attorney for Plaintiff
                                                Oliver Kitchens, P.C.
                                                Post Office Box 486
                                                Roanoke, Alabama 36274
                                                334.863.2181 phone
                                                334.863.4313 fax
                                                kesa@oliverkitchens.com
                                                Alabama State Bar (JOH185)

## CERTIFICATE OF SERVICE

 I hereby certify that on this the 2nd day of July, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that notice will be sent to the following CM/ECF participants:  **Kendrick E. Webb, Esq., Joe Hubbard, Jr. and Richard Hill, Jr. Esq.**

                                                **s/Kesa M. Johnston**