IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DANNY LEE HENDERSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-cv-452-MEF-WC |
| | ) |
| **LATHONIA J. WRIGHT,** | ) |
| **COMMISSIONER, et al.** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO STRIKE HEARSAY MATERIALS ATTACHED TO PLAINTIFF'S RESPONSE BRIEF

COME NOW Defendants Jeffery Fuller, Randolph County Sheriff, and Shirley Johnson, Randolph County Jail Administrator and file this Motion to Strike the hearsay materials attached to the Plaintiff's Response Brief.

The Plaintiff has attached four newspaper articles to his Brief in Support of his Response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment that are due to be stricken.

Each of these documents constitutes inadmissible hearsay that cannot be reduced to admissible form. The Plaintiff has not asserted that these are "true and correct" copies of the articles he purports to present. Plaintiff has further failed to establish any of the foundational elements for the business records hearsay exception or any other exception. Furthermore, these documents are newspaper articles – one a *letter to the editor* – that are inadmissible as a matter of law. Under long established law, a newspaper article is not admissible to prove the facts stated in the article. See Fed. R. Evid. 802; Goetz v. Bank of Kansas City, 119 U.S. 551, 560

(1887); <u>Poretto v. U.S.</u>, 196 F.2d 392, 395 (5th Cir. 1952);[1] <u>Dowdell v. Chapman</u>, 930 F. Supp. 533, 541 (M.D. Ala. 1996).

Furthermore, not one of these documents is relevant to the dispositive issues in this case. Relevant evidence under Rule 401 of the Federal Rules of Evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." These articles have no bearing on the primary dispositive issue: that the Plaintiff has failed to satisfy the minimum requirements of the Prison Litigation Reform Act. Accordingly, these documents should be stricken along with all references thereto contained in the Plaintiff's responsive pleadings before this Court. Accordingly, these documents should be stricken along with all references thereto contained in the Plaintiff's responsive pleadings before this Court.

The following exhibits should be stricken:

| **Exhibit** | **Description of Document** |
|---|---|
| L | Newspaper article by Charlotte A. Clark-Frieson |
| M | Newspaper article by Charlotte A. Clark-Frieson |
| N | Newspaper article by Penny L. Pool |
| O | Newspaper *letter to the editor* by Jeffrey Fanning |

**CONCLUSION**

For the foregoing reasons, Exhibits L-O of the Plaintiff's Evidentiary Materials should be stricken along with all references thereto contained in the Plaintiff's brief opposing the Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment.

---

[1] Decisions of the Fifth Circuit Court of Appeals handed down on or before close of business September 30, 1981, are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

Respectfully submitted this 24th day of July, 2007.

        **s/Kendrick E. Webb**
        KENDRICK E. WEBB, Bar No. WEB022
        C. RICHARD HILL, JR., Bar No. HIL045
        JOSEPH L. HUBBARD, JR., bar No. HUB015
        ATTORNEYS FOR DEFENDANTS JEFFERY FULLER, AND SHIRLEY JOHNSON
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail:  kwebb@webbeley.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 24th day of July, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will send notification to the following CM/ECF participants:  **Kesa M. Johnston, Esq. and Jay Lewis, Esq.**

        **s/Kendrick E. Webb**
        OF COUNSEL